**Atty M. JACKSON, Appellant,**

v.

**E. W. NAPIER et al., Appellees.**

**No. 15873.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 18, 1957.

Rehearing Denied Dec. 20, 1957.

---

1. Exhibit "A" lists requisition numbers only.

Stayton M. Bonner, Wichita Falls, for appellant.

C. M. Crowell and E. W. Napier, Wichita Falls, for appellees.

BOYD, Justice.

From a judgment vesting in E. W. Napier and C. M. Crowell an undivided one-third interest in certain property owned and claimed by Atty M. Jackson, the said Atty M. Jackson appeals.

Appellant was made a defendant in a suit brought by her former husband against J. A. McCarty and C. E. Peterson for an accounting, for a money judgment, and for an interest in certain leasehold estates in the names of McCarty and Peterson, the leasehold interests and money for which recovery was sought being community property of that plaintiff and appellant. The appellees in this suit had for several years been attorneys for appellant, and appellant executed and delivered to them an instrument purporting to convey, in consideration of legal services rendered and to be rendered, one-third of her interest in the subject matter of that suit. The attorney-client relationship between appellees and appellant was terminated in 1955. On May 12, 1955, appellees filed a plea of intervention in the suit, alleging ownership in one-third of appellant's interest in the subject matter and praying that such one-third interest be decreed to them.

On March 18, 1957, appellees filed what was termed "their first supplemental petition," which was endorsed "Petition for Severance and Declaratory Judgment," and on the same day they forwarded to appellant by registered mail a copy of that pleading along with a letter containing this sentence: "We are asking the court to hear this matter on March 30, 1957, at 10:00 A.M." The pleading asked that the cause of action asserted in the plea of intervention be severed from the main cause and that judgment be rendered declaring appellees' rights under the purported conveyance and decreeing to them one-third of the interest of appellant in the subject matter of the main suit.

On March 30 judgment was rendered severing the cause of action from the main suit, and decreeing to appellees the interest claimed in their plea.

The decree was filed and entered on April 19. No notation was made on the court's docket of the rendition or entry of the judgment, and there is no indication that appellant knew the trial had been held until she received a copy of the judgment, which appellees mailed to her on April 19. On April 25 appellant filed a motion for a new trial, alleging that she "has a meritorious defense against the alleged cause of action in the intervenors supplemental petition in that it was the understanding and intention of both this Defendant and Intervenors that the contract between them and referred to in Intervenors' Supplemental Petition not include the property which is the subject matter of this suit and if such contract should be construed to cover such interest, then the subject matter of the main suit was included therein by a mutual mistake of the parties." This motion was overruled and that ruling is assigned as error.

Rule 245, Texas Rules of Civil Procedure, provides that "The court shall provide by rule for the placing of actions upon the trial calendar. (a) without request of the parties or (b) upon request of a party and notice to the other parties or (c) in such other manner as the courts deem expedient. * * *"

Rule 330, sub. (b), provides that in certain counties, of which Wichita is one, "On the first Monday in each calendar month the judge of each court may, and as far as practicable shall, set for trial during the calendar month next after the

month during which the setting is made, all contested cases which are requested to be set, and by agreement of the parties, or on motion of either party, or on the court's own motion with notice to the parties, the court may set any case for trial at any time so as to allow the parties reasonable time for preparation. * * *"

Rule 16, Rules of the District Courts of Wichita County, provides that "Settings of non-jury cases, other than cases involving extraordinary relief which shall be set by the order and at the discretion of the Court, may be made at any time with the agreement of the parties and the Court; provided, however, that in the absence of such agreement, either party to the suit, with the agreement of the court, may set such case for a day certain upon giving the opposing parties at least fifteen (15) days written notice of such setting. * * *"

Appellant lived in Kansas City, Missouri. It appears that she had no attorney since appellees ceased to represent her. Upon receiving appellees' motion for severance and for declaratory judgment and their letter of March 18, appellant wrote a Wichita Falls attorney who never had and never has represented her, enclosing the pleading and the letter, and this attorney wrote her on March 28 that "They are now asking the court for permission to try the questions between you and Napier and Crowell separately and apart from the old suit filed by Jackson. There is nothing you can do regarding the present motion, but I do want to urge you to secure an attorney to protect any rights you may have against Napier and Crowell's claim. This is a matter entirely between you and them."

On April 11 appellant came to Wichita Falls and employed an attorney. She did not bring any papers, but upon her return home she sent to this attorney appellees' pleading and letter, together with a copy of the judgment which appellees had mailed to her on April 19. The attorney received these papers about April 23, and the motion for new trial was filed on April 25. It alleged that appellant knew nothing of the entry of the judgment until she received the copy on April 22, and that she had no objection to the severance but intended to oppose the declaratory judgment.

■ We are of the opinion that there was a failure to follow the requirements of the rules of procedure in the matter of procuring a setting of the case and of giving notice to appellant, and that such failure necessitates a reversal of the judgment. It will be seen that appellant was not told that the court had consented or was asked to consent to a setting for the day indicated in appellees' letter, or that the case had been set at all. She was advised only that "We are asking the court to hear this matter on March 30, 1957, at 10:00 A.M."

In Pearl Assur. Co., Ltd. v. Williams, Tex.Civ.App., 167 S.W.2d 808, 810, it was said: " * * * the Bench and Bar may not lightly treat these Rules as 'merely procedural matters or technicalities', as contradistinguished from statutory laws or well settled principles of equity. These Rules have the dignity of statutory provisions and must be observed as such. Like statutes, they must be carefully interpreted and applied. It is not optional with trial or appellate courts to disregard them because they do not meet the approval of such courts. They are designed to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. * * *" See, also, annotation in 23 A.L.R. at page 52.

■ Although our Rules of Civil Procedure and local court rules may be changed or suspended by the power which creates them, and some may be held to be directory rather than mandatory, we do not believe that a rule requiring fifteen days' written notice of a setting of a case may be disregarded, or that a party who is entitled to such notice is bound to prepare for trial

after notice for a shorter period. If the conveyance which is the basis of appellees' claim was the result of a mutual mistake, as alleged by appellant, she had the right to undertake to establish that fact in a regularly scheduled hearing, and the taking of a judgment against her without compliance with the rules as to notice fails, it seems to us, to square with the requirements of due process.

The judgment is reversed and the cause remanded.