FAYE McEWEN v. HONORABLE A. M. HARRISON
DISTRICT JUDGE ET AL

No. A-8216. Decided April 19, 1961
(345 S. W. 2d Series 706)

126

*Woodgate, Richards & McElhaney* and *Robert A. Fanning,* of Dallas, for relator.

*Thompson, Knight, Wright & Simmons,* of Dallas, for respondents.

MR. CHIEF JUSTICE CALVERT delivered the opinion of the Court.

In this direct proceeding in this court relator seeks a writ of mandamus against Honorable A. M. Harrison, Judge of the District Court of the 6th Judicial District and, alternatively, against Honorable W. L. Thornton, Judge of the District Court of the 44th Judicial District. Texaco, Inc., is also made a repondent. The writ is sought to compel the setting aside of an order entered by Judge Harrison while sitting for Judge Thornton.

The facts giving rise to the proceeding are as follows: On September 20, 1960, relator, seeking a recovery of damages for personal injuries, filed suit in the District Court of the 44th Judicial District against Texaco, Inc., Warren A. Roach, d/b/a Bob Roach Service Station, and L. F. Corrigan. It was alleged in relator's petition that service of citation could be had on Texaco by serving one of its agents at 3900 Singleton Blvd. in Dallas. Citation was duly issued and the sheriff's return thereon recites that it was executed as to Warren A. Roach d/b/a Bob Roach Texaco Service Station by delivering a copy of the citation and of the petition to Warren A. Roach and as to Texaco, Inc. by delivering copies to "Warren A. Roach".

Texaco failed to appear or answer, and on October 19, 1960, Judge Thornton, after hearing evidence as to the extent of relator's injuries, rendered a default judgment against Texaco. The judgment is regular on its face and recites that "though duly served with process" Texaco, Inc. failed to appear or answer but wholly made default. On November 22, 1960, relator non-suited the other two defendants and the default judgment against Texaco thereupon became final. No motion for new trial was filed by Texaco within the time prescribed by the Rules of Civil Procedure.

On January 14, 1961, long after the judgment had become final, Texaco filed a motion to vacate the judgment on the ground that it was void because citation had not been served on any person designated by law as its agent for service. Judge Harrison, sitting for Judge Thornton, heard and granted the motion and entered an order vacating the judgment. Relator asserts that the order is expressly prohibited by Rule 329b and is therefore a void order.

The parties agree that the motion to vacate which was granted by Judge Harrison may not be treated as a motion for new trial. It was not filed within the time prescribed by Rule 329b of the Texas Rules of Civil Procedure for the filing of motions for new trial. They also agree that it may not be treated as a bill of review. It does not contain the allegations required to qualify it as such.

Rule 329b, which governs time for filing and time for action on motions for new trial, contains the following provision:

"Judgments shall become final after the expiration of

thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. *After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause,* filed within the time allowed by law."
[152 Texas 647]

Our question is whether the emphasized provision of the Rule provides the exclusive method by which the default judgment can be set aside. Respondent Texaco asserts it does not because the record reflects affirmatively that the default judgment is void for want of legal service of citation, and that a void judgment may be set aside in any recognized legal proceeding in the nature of a direct attack. It contends that a motion to vacate is a direct attack.

The quoted provisions of Rule 329b first became a part of our procedural law, in substantially its present wording, as Subd. 16 of the Special Practice Act passed by the Legislature in 1923. Acts 38th Legis., ch. 105, p. 215. The Special Practice Act was carried into the 1925 Revised Civil Statutes as Art. 2092, and Subd. 16 of the Act became sec. 30 of the Article. It was called "The Special Practice Act" because it governed practice and procedure only "in civil district courts in counties having two or more district courts with civil jurisdiction only" whose terms continued for three months or longer.

Article 2092 was amended from time to time between the 1925 codification and the effective date of the Texas Rules of Civil Procedure on September 1, 1941, at which time Article 2092 was repealed. The applicability of the article was broadened to include civil actions in the district courts of Bexar County in 1939. Acts 1939, 46th Leg., p. 205. Also, in 1935, by special act identified as Art. 2093a, V.A.T.S., the provisions of sec. 30 of Article 2092 were made applicable to "each District Court sitting for all of its terms or for only some of its terms in a county where three District Courts, with both civil and criminal jurisdiction, sit and have jurisdiction, none of which has more than four terms a year, and one of which sits in and has jurisdiction in not less than two other counties." Acts 1935, 44th Leg., p. 289, ch. 105.

When the Texas Rules of Civil Procedure were adopted, the provisions of Art. 2092 were carried into Rule 330. Sec. 30 of

the statute became paragraph or subdivision (1) of the Rule. The Rule was made applicable to all civil actions in district courts having continuous terms, that is, successive t e r m s throughout the year without more than two days intervening between any of the terms. It thus became applicable in district courts in all but 36 of the 254 counties. See Vol. 2 Vernon's Annotated Texas Rules, p. 522. In 1955 Article 1919, V.A.T.S., was amended to provide that all district courts should have continuous terms. Acts 1955, 54th Leg., p. 806, ch. 297. A new Rule, 329b, was adopted January 1, 1955, making certain provisions of Rule 330, including subdivision (1), applicable in all district courts. By amendment effective January 1, 1961, the provisions of Rule 329b, including the provision above quoted, were for the first time made applicable to proceedings in county courts.

The history of the quoted provision of Rule 329b has been reviewed in some detail because of its relationship, or lack of relationship, to a great many of the decisions cited by the parties as authority for their respective contentions. No good purpose would be served by reviewing the many cases cited. It is obvious from the history of the provision that decisions in cases tried before the enactment of the Special Practice Act cannot be authority for its application in this or any other case. The principal authority cited by relator for sustaining her contention, Brown v. Clippenger, 113 Texas 364, 256 S.W. 254, is in that category. The case was tried before 1923. It is equally obvious that decisions in cases tried in county courts before January 1, 1961, cannot be authority for its application. Tne principal authority relied on by Texaco as sustaining its position, Harrison v. Whiteley, Tex. Com. App., 6 S.W. 2d 89, is in that category. Neither may we regard as controlling authority any decision in a case tried in a district court whose procedings were not governed by Art. 2092 and its amendments and extensions, or by Rule 330 (1). Snow v. Snow, Tex. Civ. App., 223 S.W. 240, no writ history, also relied on by Texaco, was tried in a district court of Bexar County before Art. 2092 was made applicable to district courts of that county.

The emphasized provision of Rule 329b has had but little attention during its existence, even in cases tried in courts to which it was applicable. In cases involving the right to set aside a default judgment litigants and courts have been prone to ignore or overlook the provision, whether of statute or of Rule, and to decide them under common law rules. Appellate court decisions have usually followed discussion of questions such as

whether the particular judgment is void or only voidable. whether it is void on its face or void because of matters appearing on "the judgment roll," whether being valid and regular on its face it may be declared void because of matters appearing on "the judgment roll," and whether it may be attacked in a collateral proceeding or only in a direct proceeding. Those discussions do not squarely meet the issue posed by the provision.

In 1924 this court decided Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905, in which the Special Practice Act was applicable. A default judgment was rendered against a defendant who had an answer on file and who had no notice of the setting of the case. We held Subd. 16 of the Act applicable to a motion to set aside the judgment after it became final, and said: "The only legal way to review it is the way provided by this statute * * *." 263 S.W. 907. In Wichita Falls & S.R. Co. v. McDonald, 141 Texas 555, 174 S.W. 2d 951, we noticed the applicability of Rule 330(1) to a final judgment of a district court of Tarrant County and held that an order setting the judgment aside, on oral motion, more than thirty days after it was rendered, was void. We said that the judgment "became final thirty days after its rendition, and the trial court was thereafter without jurisdiction to set the same aside, except by a bill of review." 174 S.W. 2d 953. In Bridgman v. Moore, 143 Texas 250, 183 S.W. 2d 705, we held a judgment signed by a judge at his residence was irregular, but not void. In the course of the opinion we observed that Rule 330(1) was applicable, and said that since no motion for new trial was filed within the prescribed time, the judgment "became final, and, if not void, could be set aside only by a bill of review." 183 S.W. 2d 706. In Ridley v. McCallum, 139 Texas 540, 163 S.W. 2d 833, we recognized the applicability of the Special Practice Act and held void an order of the trial court setting aside a default judgment, "valid on its face and on the face of the record," after the expiration of the term, saying: "Its validity may be challenged in no other way than by a suit in equity in the nature of a bill of review." 163 S.W. 2d 837.

■ In none of the cases mentioned (and in none we have discovered), did the court undertake to point out the full extent of the applicability of the quoted provision or to mark out its limitations. It may be stated categorically that in adopting the emphasized provision of Rule 329b it was not, and could not have been, the intention of this Court, nor could it have been the intention of the Legislature in enacting the statute, to limit the

legal remedy of non-appealing victims of *all* default judgments to a bill of review. A bill of review filed in the proper court and against proper parties is one authorized method of making a direct attack on a judgment, Hamblen v. Knight, 60 Texas 36; Dunklin v. Land, Tex. Civ. App., 297 S.W. 2d 360, 362; 25 Tex. Jur. 586, Judgments, § 186, but to hold that it is the only method of doing so would, in some instances, lead to absurd results. That would be true in cases in which the court was without jurisdictional power to hear the case and render a judgment. By way of example, but not of limitation: If a suit for divorce or a suit for title to land should be filed in a county court and the court should render a judgment against a defaulting defendant, it would be absurd to hold that the defendant, although filing no timely motion for new trial and perfecting no appeal, could have the judgment vacated only by bill of review. In a bill of review proceeding the plaintiff must allege and prove that he was not negligent in suffering the default judgment to be rendered against him and that he has a meritorious defense to the suit. Our decisions require that the two issues be tried together so that the court may render a new final judgment. Texas Employers' Ins. Ass'n. v. Arnold, 126 Texas 466, 88 S.W. 2d 473, 474; Humphrey v. Harrell, Tex. Com. App., 29 S.W. 2d 963, 964. But after a trial of the bill of review in the cases used as examples, the county court would still have no jurisdictional power to render a judgment on the merits.

■ On the other hand, it woud be equally absurd to hold that in spite of the provision of the Rule 329b all remedies in the nature of direct attacks available at any time in the history of our jurisprudence for review of void judgments are still available for review of *all* void judgments; that as to judgments deemed void in law, for whatever reason, the limiting express language of the Rule is wholly meaningless. We should give effect to the provision of the Rule when it may be done without denying relief from an unwarranted judgment to a diligent litigant. Accordingly, we construe the emphasized provision of Rule 329b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process. This is in harmony with our holding in Brown v. Clippenger, 113 Texas 364, 256 S.W. 254. With this construction of

the Rule, we may assume, without deciding, that Texaco is correct when it says that the default judgment against it is a void judgment and that its motion to vacate is a direct attack on the judgment. We are yet compelled to hold that the order vacating the default judgment is unauthorized and void because the district court had jurisdictional power to determine the validity of the service (Indeed, it was its duty to do so) and to render the judgment, and Texaco's motion to vacate it does not qualify as a bill of review.

■ Our construction of the emphasized provision of the Rule will expedite the final disposition of litigation. To that extent it will aid in the administration of justice. It can lead to no grave injustice. If a defendant in a suit negligently suffers a default judgment to be rendered against him by a court having the jurisdictional power to render it, or negligently permits it to become final, he should not be heard to say that the judgment is void. And if he has no meritorious defense to the suit, the setting aside of the judgment would be a vain act and a trespass on the court. If, on the other hand, a defendant has not been negligent in suffering a default judgment to be rendered against him by a court which had jurisdictional power to render it, or in permitting it to become final, and if he has a meritorious defense to the suit, he may still have the suit tried on its merits with the right to require the plaintiff to prove his case and the corresponding right to establish his defense. Texas Emp. Ins. Ass.'n. v. Arnold, 126 Texas 466, 88 S.W. 2d 473, 474; Wear v. McCallum, 119 Texas 473, 33 S.W. 2d 723, 724.

■ Our construction of the Rule will give a diligent defendant with a meritorious defense every opportunity to protect himself against an unwarranted default judgment. If he is not served with citation and learns of the judgment within 30 days after its rendition, he may file a motion for new trial, which the court is at liberty to grant, and if his motion is overruled he may obtain relief by appeal. If he does not learn of the judgment within 30 days after its rendition but does learn of it within six months, and the invalidity of the judgment is disclosed by the papers on file in the case, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals. Article 2255, V.A.T.S.; Flynt v. City of Kingsville, 125 Texas 510, 82 S.W. 2d 934.

If the judgment is one which the court had jurisdictional power to render but it is invalid, he may obtain relief by bill of review as provided in Rule 329b whether the invalidity

is or is not disclosed by the papers on file in the case. Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment.

We are not unmindful of the recent cases of Consolidated Underwriters v. McCauley, Tex. Civ. App., 320 S.W. 2d 60, writ refused, n.r.e. (on prior appeal, 301 S.W. 2d 181, reversed, 157 Texas 475, 304 S.W. 2d 265), and Freeman v. Freeman, Texas Sup., 327 S.W. 2d 428, in which we upheld orders on motions, in substantially the same form as the motion before us, to vacate void judgments. In *McCauley,* the default judgment was rendered after the case had been removed to and while it was pending in a United States District Court. The state district court therefore had no jurisdictional power to render the default judgment because no case in which it could be rendered was pending before it. In *Freeman,* exclusiveness of remedy by bill of review as provided in Rule 329b was not presented or decided.

We hold that appeal by writ of error or a bill of review to set aside the judgment are the exclusive methods by which Texaco may have the default judgment vacated or set aside. It follows that the order entered by Judge Harrison is void. We assume that Hon. W. L. Thornton or Honorable A. M. Harrison will set aside the order vacating the default judgment and will reinstate that judgment. Writ of mandamus will issue only if they decline to do so.

Our judgment here is without prejudice to the right of Texaco, Inc. to file an appeal by writ of error or to file a bill of review to set aside the default judgment against it.

Associate Justice Walker not sitting.

Mr. Justice Steakley not sitting.