Berry L. **DEEN, Relator,**

v.

Stanley C. **KIRK, Judge et al., Respondents.**

No. B–4397.

Supreme Court of Texas.

April 3, 1974.

C. Coit Mock and W. J. Fleniken, Jr., Fort Worth, for relator.

Clyde Fillmore, Wichita Falls, for respondents.

WALKER, Justice.

This is an original mandamus proceeding. It was instituted by Betty L. Deen, relator, against F. Edgar Deen, Jr., and the Honorable Stanley C. Kirk, Judge of the 78th Judicial District of Wichita County, to require the latter to expunge an order purporting to set aside a divorce judgment previously rendered by him. We agree with relator that the judgment in question had become final and that Judge Kirk had no power to set it aside as he attempted to do. In accordance with our usual procedure in cases of this nature, the writ of mandamus will be granted conditionally.

On June 22, 1973, F. Edgar Deen, Jr., hereinafter referred to as respondent, instituted suit for divorce against relator in Cause No. 94,536–B in the 78th District Court of Wichita County. At the same time he filed a waiver of citation previously executed by relator. The jurat on the waiver is dated June 21, 1973. On August 22, 1973, without further notice, citation or waiver, Judge Kirk rendered judgment granting respondent a divorce and approving an undescribed property settlement agreement. Relator first learned of these proceedings on October 27, 1973.

On November 30, 1973, relator filed suit for divorce against respondent in the Domestic Relations Court No. 4 of Tarrant County. Temporary injunctions were issued in that suit, and both parties were or-

dered to file written inventories. Apparently no further action has been taken in that case, which is still pending in the trial court. It has no bearing on our disposition of this mandamus proceeding.

On December 3, 1973, relator filed in Cause No. 95,544–B in the 78th District Court of Wichita County a petition in the nature of a bill of review, praying that the judgment in Cause No. 94,536–B be set aside. On December 13, 1973, Judge Kirk on his own motion entered an order in Cause No. 94,536–B setting aside the judgment previously rendered in that case. A few days later relator was served with citation in the original divorce case. Respondent then filed in Cause No. 95,544–B a motion to dismiss, alleging that since the judgment in Cause No. 94,536–B had been set aside, the bill of review proceeding was moot. On January 3, 1974, the motion was granted and the bill of review proceeding was dismissed. The original divorce case was also set for trial on the merits.

It is our understanding that relator appealed the judgment of dismissal in Cause No. 95,544–B to the Court of Civil Appeals. So far as we know, she did not attempt to carry the original divorce judgment in Cause No. 94,536–B to the Court of Civil Appeals by writ of error. In the present proceeding she seeks a writ of mandamus to require Judge Kirk to set aside the order of December 13, 1973, whereby he attempted to give her the relief she sought by her petition for a bill of review.

■ Under the provisions of Rule 119, Texas Rules of Civil Procedure, a defendant may waive the issuance and service of citation by filing among the papers of the cause a verified written memorandum "signed by him, or by his duly authorized agent or attorney, after suit is brought." Article 2224, Vernon's Ann.Civ.St., prohibits the waiver of process by an instrument executed prior to institution of suit. It is clear then that the waiver executed by relator prior to institution of the divorce suit in Wichita County did not subject her to the jurisdiction of the court. McAnelly v. Ward, 72 Tex. 342, 12 S.W. 206.

Respondents say that since the lack of jurisdiction over relator was apparent from the record, the judgment rendered on August 22, 1973, was void and could properly be set aside by Judge Kirk at any time. There are Texas decisions that support this position, and respondents cite a number of them. See, for example, Harrison v. Whiteley, Tex.Com.App., 6 S.W.2d 89, where it was held that a judgment was void and could be vacated at a subsequent term of court because the lack of jurisdiction over the defendant affirmatively appeared in the "judgment roll", i. e. from the citation on file among the papers in the case.

The present case is governed by the following provisions of Rule 329b, T.R.C.P.:

> 5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. . . .

The history of these provisions was reviewed in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, where it was pointed out that the meaning and effect of the two sentences could not be determined from either: (1) decisions in cases tried in district courts whose proceedings were not governed by the Special Practice Act passed by the Legislature in 1923[1] and its amendments and extensions or by Rule 330 (*l*), T.R.C.P., as it existed prior to 1955, or (2) decisions in cases tried in county courts before January 1, 1961. We also

---

1. Acts 1923, 38th Leg., ch. 105, p. 215, § 1, later codified as Art. 2002, Tex.Rev.Civ.Stat. 1925.

observed that the case of Harrison v. Whiteley, Tex.Com.App., 6 S.W.2d 89, is in the latter category.

The opinion in *McEwen* recognizes that a bill of review might not be an appropriate method for attacking in the trial court, more than thirty days after the rendition of judgment or order overruling motion for new trial, a judgment in a case which the court was without jurisdictional power to hear and adjudicate. The words "jurisdictional power" as used in that opinion mean jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs. We were not speaking of jurisdiction over the parties. The examples given were the rendition by a county court of judgment for divorce or for title to land. In each instance the court would have been utterly without power to render an effective judgment on the merits of the controversy.

The quoted provisions of Rule 329b were construed in *McEwen* as follows:

Accordingly, we construe the emphasized provision of Rule 329–b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process. This is in harmony with our holding in Brown v. Clippenger, 113 Tex. 364, 256 S.W. 254. With this construction of the Rule, we may assume, without deciding,

that Texaco is correct when it says that the default judgment against it is a void judgment and that its motion to vacate is a direct attack on the judgment. *We are yet compelled to hold that the order vacating the default judgment is unauthorized and void because the district court had jurisdictional power to determine the validity of service (Indeed, it was its duty to do so) and to render the judgment, and Texaco's motion to vacate it does not qualify as a bill of review.* (Emphasis supplied)

■ Paraphrasing the italicized portion of the opinion just quoted, the 78th District Court of Wichita County had jurisdictional power to determine the validity and effectiveness of the waiver and to render a judgment for divorce. Relator's petition for a bill of review was never heard but was dismissed. In these circumstances and under the provisions of Rule 329b, the order of December 13, 1973, purporting to set aside the divorce judgment previously rendered in Cause No. 94,536–B is void and should itself be set aside. We are not to be understood as saying that a bill of review was the only effective remedy available to relator when she learned of the divorce judgment. See Art. 2255, V. A.C.S.; Whitney v. L & L Realty Corp., Tex., 500 S.W.2d 94; Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934. It was, however, the only remedy then available to her in the trial court.

We assume that Judge Kirk will set aside his order of December 13, 1973, promptly after our judgment in this proceeding becomes final. In the event he fails to do so, a writ of mandamus will issue.