**Betty L. DEEN, Appellant,**

**v.**

**F. Edgar DEEN, Jr., Appellee.**

**No. 17553.**

Court of Civil Appeals of Texas,
Fort Worth.

June 21, 1974.

Rehearing Denied July 19, 1974.

C. Coit Mock, Fort Worth, for appellant.

Fillmore, Lambert, Farabee & Purtle and Clyde Fillmore, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

F. Edgar Deen, Jr. obtained a decree of divorce from Betty L. Deen. A little less than six months later, in the same court, such wife filed Bill of Review suit by which she sought to have the divorce set aside.

Following a hearing the trial court entered its order dismissing the wife's Bill of Review suit, upon statement that the action was one sustaining motion therefor by the husband.

A chronological statement is deemed advisable:

### Cause No. 94, 536–B (Divorce)

June 21, 1973—"Waiver" and "Property Settlement Agreement" signed

June 22, 1973—Petition for divorce filed

August 22, 1973—Judgment for divorce

September 21, 1973—Judgment became final

December 13, 1973—Judgment (purportedly) vacated by trial court decree

December 12, 1973—Service of "Citation for Personal Service" on defendant wife.

### Bill of Review Suit

December 3, 1973—Petition filed. (No cross-action for divorce sought.)

December 3, 1973—Service of "Citation for Personal Service" on defendant husband

January 2, 1974—Answer praying "that Plaintiff take nothing by this suit, that it be dismissed", etc.

January 3, 1974—Order of dismissal of Bill of Review suit. Recitation: "On this the 3rd day of January, 1974, came on to be considered the motion of F. Edgar Deen, Jr. to dismiss the above entitled and numbered cause . . ." followed by Order, Judgment, and Decree that the cause be dismissed.

NOTE: No Findings of Fact or Conclusions of Law requested or filed.

From a record, approved by the attorneys as the statement of facts, it appears that during the course of the hearing before the court on January 3, 1974, trial judge did not at first know that the husband had prayed for the dismissal of the Bill of Review suit. Indicated, therefore, was that the judge thought the parties had announced ready on the merits of the Bill of Review suit. The judgment recites that the hearing was on the husband's motion to dismiss the Bill of Review suit and says nothing concerning the intent that the judgment be upon the merits of the wife's want of entitlement, by trial, to have vacation of the judgment in Cause No. 94,536–B and furthermore a "take nothing" decree in her behalf, i. e., judgment for the wife that her husband was not entitled to any relief upon his suit for divorce.

Upon the record made—if permissible to treat the judgment as made upon the merits of the wife's Bill of Review suit—she would have undoubtedly been entitled to exactly that judgment by the trial court. This is not permissible in view of the construction we must make of the order of dismissal.

■ Were we able to treat the judgment as having been made upon the merits of the wife's Bill of Review suit we could not only reverse the judgment of dismissal but could render the correct judgment that the husband "take nothing" upon his petition for divorce for had such actually been the trial the right of the husband to divorce as well as the wife's right to have the prior divorce decree vacated would have been included in the suit. McDonald, Texas Civil

Practice, p. 335, "New Trial", Sec. 18.29, "(Equitable Bill of Review)—F. Trial"; 22 Tex.Jur.2d, p. 576, "Equity", Sec. 33 "(Bills of review)——Trial"; 34 Tex.Jur. 2d, p. 155, "Judgments", Sec. 254, "Nature and extent of inquiry and relief; Single proceeding". It is exactly this that the wife seeks.

■ Of course, had the trial court, in a proper exercise of discretion, decided to divide the case so that there may be trial of a plaintiff's right to have vacation of a former judgment, leaving to be tried thereafter—and in the event of the vacation of the judgment—a trial of the issue of whether the same or different judgment upon trial (or retrial) of the merits, there would not be the requisite final adjudication from which appeal might be perfected until after such deferred trial (or retrial) had been held, in the event the initial decision made necessary the additional trial. See 34 Tex.Jur.2d, p. 155, "Judgments", Sec. 254, "Nature and extent of inquiry and relief; Single proceeding".

The judgment which dismissed the wife's Bill of Review suit was a judgment which would be final and appealable. Construably the order of dismissal should be treated as action which obviated necessity to rule upon the merits of the husband's right to divorce.

■ The record indisputably reflected (indeed it is admitted) that at time of the entry of judgment in Cause No. 94,536–B the trial court had not acquired jurisdiction of the person of the wife. However, the law would not require that the trial court set such judgment aside upon trial of the Bill of Review case (under the number and style of the Bill of Review suit) upon that proof alone. The wife, as prerequisite to her right to prevail in the Bill of Review suit, is obliged to show not only want of personal service but, furthermore, that she did not suffer the onus of that judgment negligently and that she has a meritorious defense to her husband's action for divorce. 34 Tex.Jur.2d, p. 96, "Judgments", Sec. 227,

"(Showing of merits or defense)—Where judgment void". The section having been taken in part from McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710 (1961), but not stated in as exhaustive detail, the opinion should be referred to.

Were the Bill of Review case construable as one where judgment was rendered upon the merits, by settling the question of whether there had been a discharge of the requisite burden of proof by the wife, we would observe her additional uncontradicted, unrebutted evidence. That evidence established that she did not know that any divorce suit had been filed until more than 30 days had expired after judgment therein had been entered, and—upon the matter of a meritorious defense thereto—that she and her husband had not lived apart without cohabitation for at least three years prior to the date his divorce suit was filed, being the sole ground upon which her husband had declared by his suit for divorce in Cause No. 94,536–B. However, by the view of the case taken by the trial court the Bill of Review suit should be dismissed as moot; i. e., one as to which there was no need to conduct a trial upon the merits because he had already set aside the judgment of divorce in the husband's action and was ready to try anew upon the merits.

■ The trial court had not the right to treat the Bill of Review case as moot upon voluntarily proceeding—in Cause No. 94,536–B—to enter an order which in that original divorce proceeding purported to set aside the divorce decree. Want of right to attribute efficacy to the order setting aside the divorce decree was because of the finality—for purposes of the trial court— which automatically occurred after 30 days from date of the divorce decree. Texas Rules of Civil Procedure, rule 329b, "District and County Court Cases."

The foregoing was the subject of discussion by Deen v. Kirk, 508 S.W.2d 70 (Tex. Sup., 1974), where the trial court was, by the Supreme Court, directed to set aside its December 13, 1973 order which purported

to vacate the divorce decree of August 22, 1973. Therein was it made clear that vacation of the divorce decree should be by some other method than attempted by the trial judge as, for example, in a Bill of Review suit.

■ To maintain a Bill of Review suit for the purpose is the right of the plaintiff wife in the instant case. Her suit should not have been dismissed. It must be reinstated for trial on the docket of the trial court.

By our discussion at an earlier point we considered and arrived at the conclusion that, in view of the recitations of the judgment, we could not treat the case as one where there had been a trial on the merits. Furthermore, we observe from the record that—at least from the defendant husband's standpoint—his participation was upon an erroneous theory of law. The judgment of dismissal was certainly upon an erroneous theory of law by the court.

Judgment is reversed and remanded.