**TEXAS INDUSTRIES, INC., Appellant,**

v.

**Henry SANCHEZ, Appellee.**

**No. 18547.**

Court of Civil Appeals of Texas, Dallas.

March 13, 1975.

Rehearing Denied April 3, 1975.

Stewart DeVore, Jr., Philip C. McGahey, Bagby, McGahey, Ross & DeVore, Arlington, for appellant.

Lee Arnett, Brownsville, for appellee.

GUITTARD, Justice.

In this bill-of-review proceeding the trial court set aside its earlier judgment in favor of appellant Texas Industries, Inc., against appellee Henry Sanchez on the ground that Sanchez was never served with citation. We affirm because we hold: (1) that the evidence supports the trial court's implied finding that the officer did not actually deliver the citation to defendant Sanchez; (2) that in absence of proper service the defendant was not required to show that he was prevented from answering by fraud; and (3) that the question of delivery of citation to the defendant was not raised or decided on writ of error from the earlier judgment.

### 1. Delivery of Citation

Although appellant requested the trial judge to file findings of fact, and none appear in the record, appellant makes no complaint concerning the lack of findings. Consequently, we must presume that the judge resolved all questions of fact in fa-

vor of appellee Sanchez. We find the evidence sufficient to support an implied finding that the citation was not delivered to Sanchez in person, as required by Texas Rules of Civil Procedure, rule 106.

The original suit was brought by appellant to recover a debt against Gregg Asphalt Company, Inc. Henry Sanchez was served with citation as president of Gregg Asphalt. Appellant then filed an amended petition in which it sought to pierce the corporate veil of Gregg Asphalt and hold Sanchez individually liable for the debt. Citation for Sanchez, individually, with the amended petition attached, was sent to the sheriff of Cameron County and was assigned to deputy Robert Hernandez for service. Hernandez testified that he called Sanchez on the telephone and told him that he "had some more papers involving Gregg Asphalt," and Sanchez said to "go ahead and take them to the office." After attempting unsuccessfully to contact Sanchez at his office, Hernandez happened to see Sanchez at the courthouse and told him he "had some papers to serve." Hernandez then went to the sheriff's office to get the papers. After he picked them up he found Sanchez in a room near the sheriff's office. Sanchez, who was a member of the State Legislature, was accompanied by two news reporters and was talking on the telephone. Hernandez testified that he "filled out the citation" and put it down on a table next to Sanchez. The citation was in an unsealed envelope with no writing on it except, perhaps, the "attorney's heading." Hernandez admitted that he said nothing further to Sanchez because he assumed Sanchez knew what the papers were.

Sanchez testified that he remembered a telephone call from Hernandez several days before the occasion in question, but did not recall that anything was said about a citation. He remembered being in the courthouse on the occasion in question and talking to reporters, but he did not recall seeing Hernandez. Sanchez testified that he was in the "press room" next to the sheriff's office and made several telephone calls to Austin in an attempt to get information for the reporters. He said he received no papers pertaining to Gregg Asphalt and had no recollection of anyone dropping something before him on the table as he talked.

The reporters who were with Sanchez at the time of the alleged service were called as witnesses. They testified that as they and Sanchez were walking towards the press room, Hernandez spoke to Sanchez and said "I am glad I saw you. You saved me a trip." They said that later when Sanchez was talking on the telephone, Hernandez walked into the room, put an envelope on the table, and left without saying a word. According to these witnesses, Sanchez had his head down and did not interrupt his telephone conversation. Neither of the reporters saw Sanchez with the envelope in his hand, but they did see him make some notes while talking, probably on the envelope which was dropped before him.

■ Appellant contends that Sanchez was validly served with process because the undisputed facts would put a reasonable man on notice that he was being served. We conclude that the "reasonable man" standard should not be applied here. No decision is cited applying that standard unless defendant has taken some action by way of avoidance of service, thus indicating that he recognized that service was being attempted. The cases cited by appellant are of that sort. See Ex parte Ball, 2 Cal.App.2d 578, 38 P.2d 411 (1934); Haney v. Olin Corp., 245 So.2d 671 (Fla.App. 1971); Nielsen v. Braland, 264 Minn. 481, 119 N.W.2d 737 (1963).

■ We need not go so far as to accept appellee's contention that in the absence of physical refusal to accept service, the evidence must show that the officer actually put the citation in the defendant's hand. Here, it is only necessary to hold, and we do hold, that the evidence must at

least show that the defendant was informed of the nature of the process and of the fact that service was being attempted. Dosamantes v. Dosamantes, 500 S.W.2d 233, 237 (Tex.Civ.App.—Texarkana 1973, writ dism'd). The testimony of Sanchez and of the two reporters is amply sufficient to support a finding that Sanchez was never informed that the envelope in question contained a citation or that Hernandez was attempting to serve it on him. Even Hernandez's testimony does not exclude this inference. Consequently, the trial judge was justified in finding, and we presume that he did find, that the citation was not delivered to Sanchez in person, as Rule 106 requires.

### 2. *Prevention of Defense by Fraud*

■ Appellant contends that appellee has failed to satisfy one of the requirements for a bill of review stated in Alexander v. Hagedorn, 148 Tex. 565, 226 S. W.2d 996 (1950). Apparently appellant concedes that appellee's evidence in support of the bill of review satisfies the requirement of a meritorious defense in that it tends to show that appellee was not personally liable for the debt of Gregg Asphalt. Likewise, appellant does not argue that appellee has failed to meet the requirement to establish freedom from negligence in permitting the judgment to be taken against him. Appellee's contention is that appellee failed to establish the remaining *Hagedorn* requirement, that he was prevented from making his defense by fraud, accident or wrongful act of the opposite party. We conclude that this requirement does not apply to a defendant who has not been served with citation. Lack of notice of the proceedings is sufficient in itself to show that the defendant had no opportunity to present his defense. Kelly Moore Paint Co. v. Northeast National Bank, 426 S.W.2d 591, 593 (Tex. Civ.App.—Fort Worth 1958, no writ); and *see* Petro-Chemical Transport, Inc. v. Carroll, 514 S.W.2d 240, 244 (Tex.1974).

### 3. *Decision on Writ of Error*

■ Finally, appellant contends that the trial court erred in setting aside the judgment because the decision of the court of civil appeals on writ of error from the original judgment is res judicata of the issue of sufficiency of service. We hold it is not res judicata because the issue concerns a matter outside the record of the writ-of-error proceeding.

In the original action, judgment by default was rendered in appellant's favor against both Gregg Asphalt and Sanchez, and within six months, the defendants filed a petition for writ of error, as permitted to defendants who did not participate in the trial. Tex.Rev.Civ.Stat.Ann. art. 2249a (Vernon's 1971). Among other grounds, they asserted that the record did not affirmatively reflect jurisdiction over the person of defendant Sanchez. This contention was overruled. Sanchez v. Texas Industries, Inc., 485 S.W.2d 385, 387 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.). The question now before us was not presented, since the only question on the writ of error was whether the record then before the court showed proper service. Since the return on the citation recited service on Sanchez, and was filed as part of the record, the court correctly held that service was properly shown.

■ In that proceeding, Sanchez was limited to review of the record made at the time of the judgment by default. He had no opportunity to show, as he now shows in the bill-of-review proceeding by evidence outside the original record, that the return was false because the citation was never delivered to him. Review by writ of error is not an adequate remedy to secure relief from a default judgment on the ground of a defect of service unless the defect appears in the original record. American Standard Life Insurance Co. v. Denwitty, 256 S.W.2d 864, 869 (Tex.Civ. App.—Dallas 1953, writ dism'd); and *see* McEwen v. Harrison, 162 Tex. 125, 345 S.

W.2d 706, 710 (1961). Consequently, a decision on writ of error is not res judicata of an issue raised by evidence outside the original record showing that citation was not served.

Affirmed.