Betty L. DEEN, Appellant,

v.

F. Edgar DEEN, Jr., Appellee.

No. 17653.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 21, 1975.

Rehearing Denied Dec. 19, 1975.

**914**

C. Coit Mock, Fort Worth, for appellant.

Fillmore, Lambert, Farabee & Purtle and Clyde Fillmore, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

Betty L. Deen, as plaintiff, brought suit against her husband (or former husband) Edgar Deen, Jr., in direct attack upon a prior judgment of divorce rendered against her and in favor of her husband. The number of the suit by which she attacked the former judgment was No. 95,544–B. The number of the suit in which the prior divorce decree had been rendered was No. 94,536–B. Both cases were filed in the same court.

The divorce suit was filed June 22, 1973. As part of the record in the proceedings in such case a "waiver" of service of citation and voluntary appearance of the defendant wife was filed. However, this instrument showed on its face that it had been signed on June 21, 1973, the day before the suit was filed. Judgment granting a divorce to the husband was rendered on August 22, 1973, reciting that "the Defendant duly waived issuance and service of citation and wholly made default herein". The record affirmatively shows that she was not otherwise brought before the court.

Antecedent history relative to events in the case appears by opinions: *Deen v. Kirk*, 508 S.W.2d 70 (Tex.Sup.1974); *Deen v. Deen*, 511 S.W.2d 612 (Fort Worth, Tex.Civ. App., 1974, no writ history). Note by the prior opinion of this Court that an order dismissing the wife's suit to set aside the antecedent divorce decree had been entered by the trial court, and we reversed that order of dismissal and remanded the case for trial.

To be observed is the fact that there was never entry of any order consolidating Cause No. 94,536–B (the divorce case) with Cause No. 95,544–B (the direct attack upon the divorce decree).

Promptly after mandate of this Court on the prior appeal certifying remand for trial of Cause No. 95,544–B, there was trial below. Judgment was rendered denying the wife's prayer that the divorce decree in Cause No. 94,536–B be vacated. She appealed.

Judgment reversed. Judgment rendered vacating antecedent judgment of divorce.

T.R.C.P. 329b, "District and County Court Cases", provides in part: "After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law." (Long before the 1941 adoption of Texas Rules of Civil Procedure the substan-

tially identical provision was a part of our rules of practice. See V.A.T.S., Art. 2092(30). The provision has steadily persisted since 1923.)

V.A.T.S. 5529, "All other actions barred, when" recites: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

■ There is no doubt that the wife's suit, by No. 95,544–B, was a direct attack on the judgment rendered in No. 94,536–B. 34 Tex.Jur.2d, p. 234, "Judgments", Sec. 289, "Direct attack distinguished—Illustrations"; *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895). Where direct attack against a prior judgment is made in the court which had rendered it the most common instance is plea for equitable relief against the prior judgment by equitable bill of review. This is indicated under the foregoing authority. Pleading and evidence requirements in that character of case almost invariably are that the plaintiff (in the bill of review suit) show (1) meritorious defense to the cause of action to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950).

Over the United States there have been various methods of direct attack upon a prior judgment in the trial court after its purported finality. See 49 C.J.S. Judgments § 286, Nature and Form of Remedy, p. 513.

In Texas, however, where it was necessary to make direct attack on equitable grounds the exclusive method since 1923 has been by bill of review. Not likewise treated have been instances where judgments have been directly attacked because they were void. One example is observed where the attack was made upon the defendant's opposition to a revival of a void judgment purportedly existent. *Carson v. Taylor*, 261 S.W. 824 (Amarillo, Tex.Civ. App., 1924, no writ history). The case was an instance where there was lack of jurisdiction over the person of the defendant against whom the prior judgment had been rendered because citation had never been issued or served on him. Actually, over the entire country, courts have appeared ready and willing to vacate their own void judgments in any form they have been attacked, especially those exhibited as void "on the face of the record", the "judgment roll" itself, including not merely the judgment and pleadings, but also the process whereby presence or absence of jurisdiction might be determined.

It is thought that the intent, by force of which that portion of procedural law quoted from T.R.C.P. 329b appeared to have application, was to eliminate all other methods of direct attack after purported finality of judgment of a trial court, i. e., whether the attack upon the prior judgment was on equitable grounds or was on legal grounds (as where the judgment was demonstrably void "on the face of the record", for example, of a want of jurisdiction over the defendant). In other words the intent was that in all cases (1) there must be a new suit, (2) in a newly filed case, (3) in the same court, (4) involving the same parties. In this character of proceeding the "body" of the case in which the former judgment was rendered is brought before the court for a proper trial as part of the entire proceedings in order that there need not be delay in the trial of such case should the court vacate the prior judgment.

It is not thought that there was intent, as a predicate for such proper trial, to require proof other than that a prior judgment should be decreed void. Rules of equity would clearly be inapplicable where the judgment was "void" as distinguished from "avoidable".

On the instant appeal we consider a case in which the judgment is demonstrably void "on the face of the record" for want of

jurisdiction of the person of the defendant against whom the prior judgment was rendered. Indeed, as we understand the Supreme Court it has already stated that the very judgment under attack is thus void. *Deen v. Kirk*, 508 S.W.2d 70 (Tex.Sup., 1974).

The case of *In Re Armstrong's Adoption* (and *Armstrong v. Manzo* by the U.S. Supreme Court), *infra*, served notice in such a case, one in which there was procedure without service of process leading to trial and judgment had been rendered injuriously affecting the rights of (one who should have been) a defendant, that the judgment should be set aside on the ground that the defendant had been denied the due process of the law guaranteed by the United States Constitution. Furthermore, in the opinions in that case there was additional statement made to the effect that there would also be a denial of due process though the defendant was afforded a hearing after judgment, when the trial court still had jurisdiction of the original proceeding, if at such hearing he was required to make any affirmative proof. That which the appellate court was considering involved absence of notice and process on the defendant apparent "on the face of the record". It was the observation of the United States Supreme Court in *Armstrong* that such a defendant's entitlement was to have the slate "wiped clean", with a new trial held in which he would be compelled to do nothing more than to defend the cause of action asserted against him; specifically, that such a defendant would not be obliged to prove anything affirmatively as a predicate to his entitlement to have judgment set aside. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *In Re Armstrong's Adoption*, 394 S.W.2d 552 (El Paso, Tex.Civ. App., 1965, no writ history). On invalidity of the judgment see also cases annotated at 24A Texas Digest, "Judgment", ☞485, "Judgment void on its face in general".

■ Of *Armstrong* we are aware. It is in light thereof that we have stated our views upon a part of the provisions of Rule 329b. It is not thought that such portion of the provisions could be applied in a manner to require a defendant who has suffered the *onus* of a void judgment, in his direct attack upon it in the trial court which rendered the judgment, to show anything other than that the judgment was void.

■ The language of T.R.C.P. 329b is not subject to construction other than that the time honored rules governing direct attacks on judgments by equitable bill of review would govern all such proceedings, whether suit is attacked on legal grounds or on equitable grounds, plus a time limitation for bringing suit applicable whether the suit is one at law or in equity. By reason thereof, we conclude that T.R.C.P. 329b does not control in the circumstances of the case under consideration. It is in derogation of the wife's right to due process, her suit being brought at law and not in equity. The rule must be held unconstitutional in its application to this case.

Even if we err yet the wife must be held to have prevailed as a matter of law by rules we deem to have relation to an equity case only. The trial court denied the wife's suit for recited reasons, among which was the finding that she suffered judgment initially, as well as allowing it to become final, as result of her own negligence or fault. We know by recent decision of the Supreme Court that this is a case in which such a finding would be the only possible reason to support the judgment. *Texas Industries, Inc. v. Sanchez*, 521 S.W.2d 133, 136 (Dallas, Tex.Civ.App., 1975, writ ref., n.r.e., with written opinion by the Supreme Court on 19 July, 1975, at 525 S.W.2d 870).

■ Here the wife could not have been negligent as found by the trial court because she was under no duty to do anything to prevent the void judgment, and after it was rendered she had no duty to prevent a purported finality. As a matter of law she had no duty to intervene in the divorce case since she was not served with citation. In other words she was under no duty to do

anything. It is elementary that where there exists no duty to do or refrain from doing any act there could not be negligence by action or inaction. 40 Tex.Jur.2d 448, "Negligence", Sec. 6, "In general".

By reason of what we have written hereinabove there is obvious error in the statement made in our prior opinion (*Deen v. Deen*, 511 S.W.2d 612, at p. 614) to the effect that the wife would be obliged, as prerequisite to relief from the default divorce judgment taken against her by her husband, to plead and prove that she did not suffer the onus of the judgment negligently and that she had a meritorious defense to her husband's action for divorce, etc. We now hold we erred by such statements. We likewise believe there was error in the authorities cited in support. 34 Tex. Jur.2d p. 96, "Judgments", Sec. 227, "(Showing of merits or defense) Where judgment void", and *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961). It was subsequent thereto that the Supreme Court wrote in *Texas Industries, Inc. v. Sanchez, supra.*

■ Ordinarily it is the time honored duty of a trial court, where an appellate court has reversed its judgment and remanded the cause for new trial, to view the appellate decision as constituting the "law of the case" upon retrial. 64 Tex.Jur.2d p. 503, "Words and Phrases" on "Law of the case doctrine". We hold that such rule finds its exception in an instance such as the one under scrutiny. We deem it our duty to reverse our own prior position in view of the requirements of the Federal and State Constitutions. It would be foolish to do otherwise, believing as we do that to follow it would be to violate that due process guaranteed by the Constitution. Under that conclusion and the holdings here made we must deem the trial court to have erred by following and acting in obedience to our prior opinion.

■ It follows that what we are holding is that the trial court, in following our prior opinion and in trying the case by rules applicable to equitable bills of review and under the theory that by such rules the wife was obliged to show compliance with the rules of *Hagedorn* as a predicate to any right to have the prior judgment vacated, tried the case under an erroneous theory of law. The circumstance is unusual, to say the least. In fairness to the trial court it would appear that our order upon reversal as applied to the instant appeal should be one which would remand the case for another trial rather than one which would render judgment to the contrary of that rendered by the trial court. 4 Tex.Jur.2d (Part 2, Revised), p. 645, "Appeal and Error—Civil Cases", Sec. 936, "Disposition where case tried on erroneous theory".

However, in the same section of Texas Jurisprudence Second, cited in the preceding paragraph, it is pointed out that where a plaintiff's judgment is reversed and where there is an insuperable barrier to his recovery on any theory upon retrial the appellate court should render judgment rather than to remand the cause.

Such an insuperable barrier exists in the instant case. We have held that as a matter of law the wife is entitled to the vacation of the divorce decree. By the Suggestion of Death of the husband filed in this Court's record, and by the stipulation of the attorneys for the parties upon the oral presentation of the appeal, we know that pending the appeal the husband had died. With his prior divorce decree set aside and vacated for want of jurisdiction on the part of the trial court, it necessarily follows that when the husband died he was still married to Betty L. Deen, the plaintiff/appellant. He cannot sue for divorce. It would be pointless to remand the case for any reason. Therefore, our appellate action must be one wherein we not merely reverse judgment but one in which we must render the judgment which the trial court should have rendered.

There are additional reasons which would require reversal of the judgment of the trial court. These, however, and in particu-

lar the error of the trial court denying the wife's motion for continuance, could merely require a remand. We do sustain the point of error upon the denial of the motion for continuance.

We conclude that we need not lengthen the opinion by a discussion of other complaints of error because the judgment of the trial court is reversed, with a contrary judgment rendered.

Other points of error are overruled as immaterial to our proper disposition.

Judgment of the trial court is reversed, with judgment here rendered setting aside the prior divorce judgment decree of the 78th District Court of Wichita County, Texas, bearing Number 94,536–B, styled *F. Edgar Deen, Jr. v. Betty L. Deen.* All provisions of said judgment are vacated.

SPURLOCK, J., concurs.

SPURLOCK, Justice (concurring).

As a general rule a void judgment cannot be validated by a subsequent proceeding. 46 Am.Jur.2d 349, "Judgments", Sec. 50, "Validation of judgments".

The *Hagedorn* rule was established in a case in which the defendant was actually served with valid process and failed to appear and suffered a default judgment to be rendered against him.

I agree that it is unnecessary to comply with the *Hagedorn* requirements when the Court rendering judgment had no jurisdiction to render same; but, in any event, I would hold as a matter of law, that Mrs. Deen met the remaining requirements after *Sanchez* eliminated the second one. As a matter of law she had no duty to affirmatively intervene in the divorce case until she was served with citation. Absent such a duty she could not be negligent. She showed at least two valid defenses in that the undisputed record shows that Mr. Deen did not meet the residential requirements to obtain a divorce in Wichita County, and he was not entitled to a divorce on the only ground he plead, i.e.: 3 years living apart without cohabitation. The record shows Mr. and Mrs. Deen spent the night in the same bed the night of June 20, 1973, being the day before the waiver was signed and two days before the divorce suit was filed.

I feel it important to note that this case was set for trial and tried without Mrs. Deen having had the prior notice of the setting required by the Texas Rules of Civil Procedure and Rule 16, Rules of the District Court of Wichita County. This also denied her due process. *Jackson v. Napier,* 307 S.W.2d 833 (Fort Worth, Tex.Civ.App. 1957, no writ hist.). This fact alone would require a reversal of the judgment. Failure of a court to follow rules of civil procedure in certain instances may result in a party being denied due process. *Ragsdale v. Ragsdale,* 520 S.W.2d 839 (Fort Worth, Tex. Civ.App. 1975, no writ hist.).