**Mary Lou Northcutt JARRETT, Petitioner,**

v.

**Pat L. NORTHCUTT, Respondent.**

**No. B–8856.**

Supreme Court of Texas.

Dec. 19, 1979.

Rehearing Denied Feb. 20, 1980.

Smith, Baker, Field & Clifford, Galey & Cummings, Charles E. Galey, Lubbock, for petitioner.

Bowers, Cotten & Harland, Forrest Bowers, Lubbock, for respondent.

PER CURIAM.

Mary Lou Northcutt Jarrett brought a bill of review action to set aside the property settlement rendered in a prior divorce from her ex-husband, Pat Northcutt. The trial court rendered judgment for Mrs. Jarrett in the bill of review action and ordered a substantial redivision of the property. The court of civil appeals reversed that judgment. 585 S.W.2d 874. In reversing, that court held that Mrs. Jarrett had failed to prove a necessary element of her bill of review. She did not establish that she was without fault or negligence in allowing the prior judgment to become final. The court of civil appeals held that she was required to prove her lack of negligence, in spite of the fact that her waiver of process was invalidly executed. In this regard, the decision of the court of civil appeals conflicts with the decision of the court of civil appeals in *Deen v. Deen*, 530 S.W.2d 913 (Tex. Civ.App.—Fort Worth 1975, no writ).

 We conclude that, in order to prevail, the plaintiff in a bill of review action must prove his/her lack of fault or negli-

gence in permitting a meritorious defense to go unasserted in a prior action. *Cf. McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961). Accordingly, we disapprove of the holding of *Deen v. Deen, supra.* The application for writ of error in this case is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.