Roy LOZANO et al., Appellants,

v.

James WADE, Appellee.

No. B2341.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 11, 1980.

John A. Pizzitola, Houston, Stanley C. Kirk, Dallas, Pizzitola, Hinton & Sussman, Houston, for appellants.

David L. Capps, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This is a bill of review proceeding brought by appellants Roy Lozano and his company, A-1 Truck Parts & Equipment Company (A-1), seeking relief from a default judgment rendered against them in favor of appellee James Wade. The trial court entered the default judgment when appellants failed to appear for trial after their answer was stricken for failure to answer interrogatories. We affirm the trial court's holding that appellants failed to prove a meritorious defense to the original cause of action and, thus, are not entitled to have the prior judgment set aside.

The original action for damages was filed in 1975 by Wade against Lozano and A-1. The record in this court does not contain the pleadings in the prior action. We assume from the remainder of the record that the original action in some way involved a truck which was in appellants' possession. Appellants retained an attorney who filed an answer to the suit but did nothing further. We do not consider it necessary to provide a full recitation of the events leading to the default judgment against appellants because of the basis on which we affirm the judgment.

In August, 1977, an interlocutory default judgment as to liability was rendered upon the granting of Wade's motion to strike appellants' answer for failure to respond to interrogatories. On May 17, 1978, a final

default judgment in the amount of $12,-000.00 was rendered against Lozano and A-1 in favor of Wade. On July 19, 1978, appellants, through a new attorney, filed the original petition for bill of review. In the amended petition contained in our record, appellants claimed that they were prevented from timely filing a motion for new trial because of the failure of the court clerk to send them the required notice after default judgment. The trial court, without a jury, denied appellants' bill of review holding that they failed to prove any necessary element to prevail in such an equitable proceeding.

■ The landmark Texas case dealing with bills of review is *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950). The Texas Supreme Court there gave the three elements a plaintiff must prove to successfully disturb a final judgment. He must plead and prove: (1) a meritorious defense to the original cause of action, (2) which he was prevented from making by the fraud, accident or wrongful conduct of his opponent, (3) unmixed with any fault or negligence of his own.

The supreme court has addressed and refined the bill of review proceeding on several occasions since *Hagedorn*. *See McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961); *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964); *French v. Brown*, 424 S.W.2d 893 (Tex.1967); *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex.1974); and *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979). In speaking on its requirements, the court has never deviated from the absolute rule that the bill of review plaintiff has the burden to prove a meritorious defense to the original cause of action. While it has relaxed and broadened other elements necessary for relief, this first element has remained untouched.

■ In this action the bill of review plaintiffs never introduced into evidence the pleadings in the original action, and provided no evidence as to the nature of the original cause of action. As stated above, we can glean from the record that it was a controversy concerning a truck. Appellants' pleaded defense in the bill of review was that A-1 was a good faith purchaser of the truck from a third party and that the reasonable value of the truck was $300.00, which was the amount paid by appellants to the third party. Appellants introduced uncontradicted evidence at the bill of review trial that the value of the truck was not over $500.00. There was conflicting evidence as to the nature of the transaction through which appellants obtained possession of the truck. It is appellants' position on appeal that the value of the truck is the determining factor in proving a meritorious defense to the $12,000.00 judgment against them. In the present state of the record, however, this court cannot ascertain that the value of the truck was the only element of damages sought by Wade in the original action. Many other types of damages are certainly available in the proper case: loss of use, reasonable rental value or punitive damages for willful conversion, fraud or conspiracy. Appellants' failure to prove the nature of the original cause of action leaves this court powerless to determine whether their defense is viable. The trial court's judgment that no meritorious defense was proved must be upheld.

In light of the disposition regarding appellants' failure to prove a meritorious defense, we do not address the other points claiming error.

Judgment affirmed.