NO. 07-06-0449-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 20, 2007
_____

IN THE INTEREST OF E.A.C., A CHILD
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-535,777; HONORABLE BILL SOWDER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Kassandra Ellen Cantrell perfected this restricted appeal from an order naming her and appellees Barbara Sue Adams and Nolan G. Adams joint managing conservators of Cantrell's son, E.A.C. Among other rights, the order gave the Adams the exclusive right to designate E.A.C.'s residence. It also ordered Cantrell to make support payments. Cantrell executed a waiver of service, and she was not served and did not receive notice of or participate in any hearing in the case.

The order also terminated the parental rights of E.A.C.'s presumed father, Jefferson Alan Nalley, on the basis of his execution of an unrevoked or irrevocable affidavit of relinquishment. Nalley has not appealed the trial court's order.

Cantrell's brief has been filed, presenting her contentions the trial court's order must be reversed because her waiver of service was executed before the Adams filed suit and because the order was signed before her answer date. Appellees have not yet filed a brief. Cantrell and appellees now have filed a joint motion asking that we reverse the trial court's order and remand the cause.

We agree the face of the record reflects Cantrell waived service of process by an instrument executed before suit was brought against her, contrary to statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.001 (Vernon 1997) (proscribing pre-suit waivers of process). *See also* Tex. R. Civ. P. 119 (providing for waiver of service "after suit is brought"). The pre-suit waiver Cantrell signed did not give the court personal jurisdiction over her. *Deen v. Kirk*, 508 S.W.2d 70, 71 (Tex. 1974) (orig. proceeding).

Given this state of the record, we sustain Cantrell's first issue on appeal. We affirm that part of the trial court's order that terminated the parent-child relationship between Jefferson Alan Nalley and E.A.C. We sever all other claims asserted in this cause, reverse the trial court's order except insofar as it terminated the parent-child relationship between Jefferson Alan Nalley and E.A.C., and remand the cause to the trial court.

James T. Campbell
Justice

2