**Richard A. HARRIS et ux., Appellants,**

v.

**Joseph M. LOGUE et al., Appellees.**

**No. 17778.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 10, 1976.

Rehearing Denied Jan. 14, 1977.

Minor, Jester & Davidge, T. Miller Davidge, Jr., Nelson & Lewis, L. A. Nelson, Denton, Tex., for appellants.

Tim Banks, Jack Gray, John L. Sullivan, Denton, Tex., for appellees.

OPINION

MASSEY, Chief Justice.

The appeal is from a judgment which vacated a prior default judgment in a class action suit.

Richard A. Harris and his wife, owners of Lots 1 and 2 in Block 1, Roberts Addition in Denton County, Texas, brought an action, under the provisions of T.R.C.P. 42, "Class Actions," to remove the restrictions theretofore appertaining to the use of their lots against persons by the names of Fuller, Ferrill, Young, Callahan, Dawson, Hyder, and Copp, plus Denton Savings Association. These were sued individually and as representatives of the class of owners of property (and Denton Savings as a lienholder and as representative of others) in Roberts Addition. Restrictions had been placed on such lots at time of the 1945 platting and dedication by Mrs. Marion R. Roberts and her husband.

On May 7, 1974, Harris and wife obtained a default judgment by such suit. The judgment recited, among other things that ". . . when came Plaintiffs . . . and announced ready for trial, and the Defendants, although duly served with citation and cited by law to appear herein, came not but wholly made default, except Defendants Copp and Fuller, who individually answered herein, but who each wholly failed to appear at said setting, although proper notice of the setting of this cause was given, and the Plaintiffs having announced ready for trial, and having waived trial by jury, all matters of fact, as well as of law, were submitted to the Court, and the Court, having reviewed the pleadings and having heard the evidence and argument of counsel, is of the opinion that Plaintiffs are entitled to recover Judgment as hereinafter provided, and the Court finds that: First . . . . Second, that the owners of the various tracts of the Revised Roberts Addition . . . are so numerous that to bring them all before this Court would be impractical and would produce delay and obstruct the purposes of justice. Third, that the Defendants cited herein constitute true representatives of the class sued herein, said class comprising the owners of the various tracts of the Revised Roberts Addition, . . . . Fifth, that the restrictions as to use, . . . and which covered Lot 1, Block 1 of the Revised Roberts Addition, then (December 3, 1945) the Roberts Addition, were the only restrictions . . .; that such restrictions were expressly rescinded and revoked . . .; that there are therefore no restrictions of record or otherwise . . . . Sixth, that the aforesaid conditions and restrictions . . . were each placed upon the property when the neighborhood . . . was of a residential character; that the property surrounding the Revised Roberts Addition has become commercial in nature, . . . that there has been such a change of conditions surrounding the area subject to the restrictions that it is no longer possible to secure in a substantial degree, the benefits sought to be realized through the restrictive covenants . . . . Seventh, that this Court has jurisdiction of the parties and the subject matter of this cause."

Subsequent language of the default judgment decreed removal of the restrictions from the Harris lots.

On April 1, 1975, instrument denominated "Plaintiffs' Original Petition and Bill of Review" was filed by thirty-four (34) plaintiffs individually, including Joseph M. Logue, all alleging themselves to be owners or lienholders of property in the Roberts Addition, and including Mrs. Marion R. Roberts, who with her deceased husband had originally subdivided Roberts Addition and who had continued to be an owner. Defendants named in the suit included fifteen (15) lienholders in addition to Denton Savings Association (defendant in the Harrises' original suit) with the Harrises plus eighteen (18) others, as property owners. Included were the seven (7) persons named in the first paragraph of this opinion as individuals who had been sued by the Harrises in the case in which Mr. and Mrs. Harris had obtained default judgment.

Relief prayed for in the instrument denominated "Plaintiffs' Original Petition and Bill of Review" was that the judgment by default rendered for the Harrises on May 7, 1974, be annulled, decreed null and void, set aside and held for naught, with restrictions reimposed upon the Harris lots and the Harrises be enjoined from their violation.

Following hearing by the court, without a jury, such relief was granted, with the antecedent default judgment set aside and annulled and with the Harrises permanently enjoined. From this judgment they appealed.

We affirm.

In respect of attacks upon antecedent judgments by new action in which identical parties are present we recently had occasion to examine the nature and propriety of the procedure required under our Rules of Civil Procedure, and in particular T.R.C.P. 329b, "District and County Court Cases". We concluded that whether the action be one of direct attack upon a prior judgment because the prior judgment was demonstrably void "on the face of the record" or, alternatively, that it be a direct attack where it was necessary to show by evidence that the prior judgment was void for some reason not apparent "on the face of the record"; or whether it be a case of truly equitable Bill of Review—(where it must be shown that plaintiff show (1) meritorious defense to the cause of action in the case in which prior judgment had been rendered against him, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own)—the *form of action* would be the same. The numbered requirements are those prescribed by *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950). This Court, in *Sessions v. Price Drilling Company*, 337 S.W.2d 368 (Tex.Civ.App., Fort Worth, 1960, writ ref., n. r. e.) noticed other cases indicating that the plaintiff in such a case must show additionally that the matters complained of could not have been presented by an appeal and diligence in filing and prosecuting the Bill of Review action. To be noticed is that all dealt with grounds appropriate to true equity cases which were distinguishable from cases not founded in equity.

The *form of action* intended by Rule 329b was that in all cases (1) there must be a new suit, (2) in a newly filed case, (3) in the same court, (4) involving the same parties.

By this method the "body" of the case in which the former judgment was rendered is brought before the court for a proper new trial if, and in the event the former judgment be set aside, as part of the entire proceedings. By complying with the rule there need not be delay in trial anew of such case should the court vacate the prior judgment. See *Deen v. Deen*, 530 S.W.2d 913 (Tex.Civ.App., Fort Worth, 1975, no writ hist.).

In the instant case we have occasion for examination into the propriety of the judgment by test of whether by evidence there had been established facts which demonstrated that the antecedent default judgment was proper to have been declared void, as for want of due process or jurisdiction over necessary parties. We have concluded that by this test it was established and that the judgment setting aside the prior default judgment was compelled.

And, assuming error in the conclusions set out in the paragraph preceding, we would have occasion for examination into the propriety of the judgment by tests appropriate to the true equitable Bill of Review case by the rules already noticed, such being those established in *Alexander v. Hagedorn*, supra. We have examined the record in view of this possibility, and by such tests have concluded that to set aside judgment in the prior case was not erroneous, being supported by pleading and evidence under equitable principles.

If it be proper under either of the foregoing tests for the trial court to have determined that the antecedent default judgment should be set aside, as in our holding, the resultant situation presented to the trial court was a case where all parties were present and ready (or assumed to be) to proceed to trial anew of the case made by the pleadings in the default judgment case. The defendants (whose plaintiffs' judgment in the prior case was set aside) were obliged to go forward to try anew the case in which they were (or had been) the plaintiffs, to introduce evidence under their pleadings and have the same submitted upon plea

that the restrictions should be removed from their lots.

Here there is no question but that the Harrises did not discharge the burden incumbent upon them if the trial court's decision to set aside their former default judgment was not error. They introduced no evidence to support their cause of action for removal of the restrictions, or if in this holding we err, certainly we are correct in stating that their evidence did no more than create fact issues. In that event our holding is that the court, as trier of the facts in the case, was entitled to rule against them as it did, the finding being one not proper to be disturbed as contrary to the greater weight and preponderance of the whole of the evidence in the record.

By stating the foregoing the case is presented as one in which we need only write upon propriety of the trial court's action in setting aside the prior default judgment. If such action was proper for any reason, or in any event not erroneous, the judgment would be one for affirmance.

The original suit of the Harrises, that action in which they obtained the default judgment, was one for which there was provision by T.R.C.P. 42, "Class Actions," which reads:

"If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, *as will fairly insure the adequate representation of all* may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1)  .   .   .

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3)  .   .   . .." (Emphasis supplied.)

■ Immediately apparent is that in a suit against a class of persons, the members of the class named individually and brought in as a party in that capacity and also as representative of others of the same class must be persons whose interest in the subject matter is such that they are truly representative of the others in the same class; and that their presence "fairly insures" adequate representation of all who are intended to be defendants bound by judgment in the case. Furthermore, it would appear obvious that the intent of the Rule is that when there has been failure of the individuals so named to appear and put the plaintiff to trial on the issues presented by his cause of action, or to resist the plaintiff's claim in some way, their having been named as representative defendants probably did not "fairly insure" adequate representation of all whose interest should have been identical, *or* their having been named as individual defendants did not "fairly insure" that their interest in the subject matter was identical to that of other members of the class. It would be possible to rebut that probability by evidence, but it seems to us that until rebutted the legal as well as logical inference would persist that there was no adequate representation of the class of persons entitled thereto.

■ In a suit to remove the restrictions from lot or lots within a subdivision it would always be apparent that a person or persons who had originally subdivided land and platted and dedicated the same and had prescribed restrictive covenants to apply thereto, and who had retained a property interest by way of specific provision therefor either because of continued ownership of a part of such subdivided land or contractually by provision in the covenants, would probably not fall within the same class of persons as subsequent purchasers. Of all those who owned land so subdivided those who imposed the restrictions would have the greatest interest in their preservation; and, in the absence of affirmative proof to the contrary, the presumption would obtain that they were not members of the same classification as other property owners who had made subsequent purchases. Such person or persons are necessary parties in order that there might be "due process of

law" in suits, including class actions, to remove the restrictions which they had prescribed. To render judgment removing restrictions without their having been made parties would be to render the judgment in a case where there existed a want of necessary parties. *Knioum v. Slattery,* 239 S.W.2d 865, 868 (Tex.Civ.App., San Antonio, 1951, error ref.).

In the instant case Mrs. Marion R. Roberts was one of those who sought to have the earlier default judgment set aside. On trial the evidence showed that she could not have been among the class of persons who might have been represented by those who were named defendants in the default judgment case. Of course, such persons who had been named as defendants in the default judgment case had not actually appeared. They had neither represented themselves or any member of the class which could have been represented by them in a resistance to the Harris judgment. That class did not receive any representation. Because of the absence of adequate representation to other members of whatever might have been a proper class, there was an absence of necessary and indispensable parties. *Adams v. Owens,* 519 S.W.2d 260 (Tex.Civ.App., Beaumont, 1975, writ ref., n. r. e.). This would have application to all who should have received virtual representation, and not merely Mrs. Roberts, even upon an assumption that she was of the same class.

In *Meyer v. Wichita County Water Imp. Dists. Nos. 1 and 2,* 265 S.W.2d 660 (Tex. Civ.App., Fort Worth, 1954, writ ref., n. r. e.) this Court had occasion to examine the question of whether there had been provided, by the parties present in a class action, adequate and "virtual representation" of others not individually made parties but contended to have become bound as members of a class represented. We wrote: "Generally, only parties and privies are bound by judgments. There is a seeming exception to this rule which recognizes that a person may be bound by a judgment under the theory of virtual representation.

However, for the exception to apply, as in the case of a class suit, such a person is to be bound only where the representative parties actually participating in the suit as such are either prosecuting or defending rights or interests so substantially identical to those of such person as insure his adequate representation therein."

By the pleading and evidence there was not error in the trial court's determination that the prior default judgment should be set aside for want of necessary parties and for want of any virtual representation of parties, necessary or otherwise.

■ To this point we have written upon the appeal with the case treated as one at law. Aside therefrom, upon consideration of the case as one in equity and the case as one to be tested by the rules pertaining to equitable Bills of Review, there was no error in the court's action setting aside the prior default judgment. Some of the plaintiffs in the Bill of Review case were shown to have had no notice of the default judgment until some time later, by permissible inference even the time for appeal. There could have been no fault or negligence by these in failing to present a defense, whereby there would be satisfaction of a requisite that they show "fraud, accident or wrongful act of the opposite party" which prevented their defense to the suit. Furthermore, the existence of a meritorious defense to the Harrises' attempt to remove the restrictions lay in the restrictions themselves, coupled with the proven ability to counter and contradict by available evidence the allegations of the Harrises in support of those grounds upon which they asserted the right to have the conceded restrictions judicially removed.

■ The delay in filing the Bill of Review case availed no right or benefit to the Harrises not otherwise possessed by the plaintiffs in the Bill of Review case. We take occasion to mention that laches was not pled by them under T.R.C.P. 94, "Affirmative Defenses," though it would have made no difference. As previously noticed

the question is narrowed to that upon propriety of setting aside the prior default judgment. As addressed to that question the doctrine of laches would not have any application to any period after expiration of time for filing a motion for new trial and many of the plaintiffs in the case were shown to have never been informed of the default judgment in time to file a motion for new trial. 22 Tex.Jur.2d, p. 569, "Equity", Sec. 28, "Bills of review". Anyway, even assuming the laches doctrine applicable to the case as a true equitable Bill of Review it would not be applicable to tests applicable thereto when considered as a law case in which the attack made on the default judgment was on the "due process of law" theory, and we hold it proper that the trial court declared it void for that reason.

We consider our discussion to be one covering all points of error presented on appeal. In any event we have severally considered and overrule all points of error.

Judgment is affirmed.