Pat L. NORTHCUTT, Appellant,

v.

Mary Lou JARRETT, Appellee.

No. 8985.

Court of Civil Appeals of Texas, Amarillo.

July 25, 1979.

Rehearing Denied Aug. 29, 1979.

Bowers, Cotten & Harland, Forrest Bowers, Lubbock, for appellant.

Galey & Cummings, Charles E. Galey, Lubbock, for appellee.

REYNOLDS, Chief Justice.

Mary Lou Northcutt Jarrett was successful in her trial court bill of review proceeding to set aside the property settlement portion of a prior divorce judgment and to secure a substantial redivision of community property. Because of the failure to submit for the jury's determination, over ex-husband Pat L. Northcutt's objection, the issue of the lack of Mrs. Jarrett's fault or negligence, she waived a finding on an element of proof essential to her bill of review. Reversed and rendered.

The judgment underlying this bill of review proceeding was rendered 29 November 1971 upon the petition of Pat L. Northcutt and the waiver of process executed by Mary Lou Northcutt in Cause No. 1983 in the 110th Judicial District Court of Briscoe County. The judgment decreed the dissolution of the marriage of Mr. and Mrs. Northcutt, fixed the custody of and support for their minor children, and specifically approved and incorporated their agreed property settlement.

Mary Lou Northcutt's waiver of process, the basis for the judgment's recitation that she waived issuance and service of citation, was dated the same day Pat L. Northcutt's petition for divorce and related relief was filed. Although Mary Lou Northcutt was not present for the pronouncement of judgment, it is undisputed in the testimony of Pat L. Northcutt that shortly after the judgment was rendered, he told Mary Lou Northcutt they were not married any longer, and she responded, "Good."

Mary Lou Northcutt Jarrett's bill of review petition was filed in May of 1973. Her objective was to attack the property settlement portion of the prior judgment without seeking to vacate either the decree of divorce itself or the other portions of the judgment. Originally, she alleged that the agreed property settlement is unfair, unreasonable and inequitable, and that her agreement thereto was obtained through the fraud and wrongful acts of Northcutt unmixed with any fault or negligence on her

part. At the jury trial and after a large part of the evidence had been presented, Mrs. Jarrett tendered a trial amendment. By the amendment, she plead that her waiver of citation in the divorce proceeding had been executed and acknowledged prior to the filing of the divorce petition and that, therefore, the court was without jurisdiction to enter judgment confirming and incorporating the agreed property settlement. Even though she plead the court's lack of jurisdiction to enter the judgment, she prayed only that the property settlement portion of the judgment be declared void.[1]

The trial court allowed the trial amendment over Northcutt's objection and claim of surprise. However, Northcutt did not ask for a continuance and, in fact, obliquely declined a continuance offered by the trial court. Furthermore, he stipulated that the waiver of process actually was signed prior to the filing of the divorce petition. Under these circumstances, there was no abuse of discretion by, and Northcutt is in no position to claim error on the part of, the trial court in allowing the trial amendment.

After receiving the jury's answers to the special issues submitted, the trial court, conducting a separate bench hearing to ascertain the nature and extent of property, rendered judgment setting aside the agreed property settlement portion of the prior judgment and substituting a substantial redivision of the community property. Northcutt has appealed, complaining of error in the charge to the jury and in vacating the agreed property settlement portion of the judgment for a redivision of the community property. He does not, however, attack the property redivision itself.

Because Tex.Rev.Civ.Stat.Ann. art 2224 (Vernon 1971) is specific that no waiver of process shall be made until after suit is brought, the waiver of process executed by Mrs. Jarrett before the institution of the divorce suit did not subject her to the juris-

diction of the trial court in that cause. Nevertheless, the trial court had jurisdiction over the subject matters of the cause and, additionally, the court had jurisdictional power to determine the validity and effectiveness of the waiver and to render the judgment of divorce and for related relief. Accordingly, since the time for questioning the validity of any part of that judgment by appeal or writ of error had passed, the only means by which Mrs. Jarrett could challenge the validity of the judgment, whose invalidity is not disclosed by the papers on file, is by way of a bill of review. *Deen v. Kirk,* 508 S.W.2d 70, 71–72 (Tex. 1974).

The three usual elements of a bill of review which must be pleaded and proved are (1) a meritorious defense to the cause of action, (2) which the movant was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence on the part of the movant. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). But this general rule does not govern the disposition of all bill of review cases, *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 244 (Tex.1974), and the second requirement of *Hagedorn* has been qualified. *Baker v. Goldsmith,* 582 S.W.2d 404, 407 (Tex.1979). In the event the bill-of-review movant was not subject to the jurisdiction of the court rendering the prior judgment for lack of proper process, the movant is relieved from the burden of pleading and proving the second element of *Hagedorn; i. e.,* that the movant was prevented from making a meritorious defense by the fraud, accident or wrongful act of the opposite party. *Accord, Texas Industries, Inc. v. Sanchez,* 525 S.W.2d 870, 871 (Tex.1975).

The bill-of-review movant's burden of proving a meritorious defense to the original cause of action is discharged when the movant produces proof from which the

---

1. Because it is immaterial to our decision, we forego an academic discussion of the consequences of a bill of review seeking relief from

only a portion of a judgment asserted to have been rendered by a court lacking jurisdiction.

court determines, as a matter of law, that the defense is not conclusively barred and that the movant will prevail on retrial if no evidence to the contrary is offered. *Baker v. Goldsmith, supra,* at 409. Mrs. Jarrett's prima facie proof of a meritorious defense met this test.[2]

■ Thus, given the posture of the cause at the point of jury submission, Mrs. Jarrett's remaining bill-of-review burden, before the jury reached the determination whether Northcutt had proved the elements of his original cause of action, was to persuade the jury by a preponderance of the evidence that she was without fault·or negligence in the rendition of the prior judgment, *Baker v. Goldsmith, supra,* at 409, or in permitting the judgment to become final. *Petro-Chemical Transport, Inc. v. Carroll, supra,* at 246; *Baker v. Goldsmith, supra,* at 410 (concurring opinion); 4 R. McDonald, Texas Civil Practice § 18.29 (rev. 1971). *Accord, McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

■ Although Northcutt objected to the court's charge, the question of Mrs. Jarrett's lack of fault or negligence was not submitted to the jury. She did not request submission of the issue and made no objection to its omission. Consequently, she failed to discharge her burden of proof, unless it can be said, as Mrs. Jarrett contends, that the requirement of showing no negligence has been eliminated, or her lack of negligence was established as a matter of law, or that the court, in rendering the bill-of-review judgment, could be deemed to have found there was no fault or negligence on her part.

Despite the latest and consistent pronouncements of the Supreme Court that negation of negligence is a burden to be discharged by the bill-of-review movant, Mrs. Jarrett proposes that *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964), and *Deen v. Deen,* 530 S.W.2d 913 (Tex.Civ.App.—Fort Worth 1975, no writ), eliminated the requirement of showing no negligence. We

view the writings of the Supreme Court touching the holdings of these two cases to be to the contrary.

Following *Hanks v. Rosser, supra,* the Supreme Court wrote in *Gracey v. West,* 422 S.W.2d 913, 915–16 (Tex.1968):

The *Rosser* case modified the [*Hagedorn*] rule to the extent that where an officer of the court gives wrong information which prevents the filing of a motion for new trial by the losing party, the movant in a bill of review is excused from complying with requirement (2) above [that the defendant was prevented from making his meritorious defense by fraud, accident or wrongful act of the opposite party]. *Otherwise, the rule of Hagedorn was approved* (emphasis added).

In *Deen v. Deen, supra,* the papers on file evidenced that the defendant-wife's waiver of service of citation and voluntary appearance was executed one day before the divorce suit was filed. Stating that the judgment rendered thereon "is demonstrably void 'on the face of the record' for want of jurisdiction of the person of the defendant against whom the prior judgment was rendered," the court of civil appeals held that in a direct attack on the judgment, the defendant was not required "to show anything other than that the judgment was void." Furthermore, the court said that defendant who had not been served with citation "could not have been negligent . . . because she was under no duty to do anything to prevent the void judgment, and after it was rendered she had no duty to prevent a purported finality." 530 S.W.2d at 915–17.

During the *Deen* appeal, the appellee-husband died and no application for writ of error was made to the Supreme Court. However, when the intermediate appellate court subsequently expressed the same rationale—*i. e.,* setting aside the prior default judgment was compelled when it was established that the prior judgment was void for

---

2. Conformably, the jury made an unchallenged finding that Mrs. Jarrett received an unjust portion of the community property.

want of due process or jurisdiction over necessary parties—as one of the reasons for affirming the granting of a bill of review in *Harris v. Logue,* 544 S.W.2d 932, 935 (Tex. Civ.App.—Fort Worth 1976), *aff'd,* 554 S.W.2d 168 (Tex.1977), the Supreme Court stated:

> The Court of Civil Appeals affirmed on two grounds: because the prior judgment was void and because the elements of a bill of review were proved. 544 S.W.2d 932. We agree that the judgment was correct because of the second ground. We disagree with and disapprove of the writing of the Court of Civil Appeals saying that the prior judgment was void "for want of due process or jurisdiction over necessary parties" and that Logue et al. were entitled to have it set aside without showing their meritorious defense. This writing is contrary to opinions of this Court, including *Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974) and *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961).

554 S.W.2d at 168–69. And although the Court did not speak directly to the negligence element, the existence of the element as a necessary component of a bill of review is evinced by the authorities cited by the Supreme Court.

In *Deen v. Kirk, supra,* the bill of review proceeding antecedent to *Deen v. Deen, supra,* the trial judge, on his own motion and employing the same rationale later expressed by the court of civil appeals in *Deen v. Deen, supra,* had set aside the prior judgment on the ground that it was void. Declaring void the trial court's order setting aside the prior judgment without hearing the bill of review, the Supreme Court reaffirmed the principle that a judgment asserted to be void for want of service, or of valid service, of process can be challenged only by a bill of review after the time for relief by way of appeal or writ of error has elapsed. In speaking to the bill of review, *McEwen v. Harrison, supra,* clearly enunciates the presence of the negligence element in these words:

> If a defendant in a suit negligently suffers a default judgment to be rendered against him by a court having the jurisdictional power to render it, or negligently permits it to become final, he should not be heard to say that the judgment is void. And if he has no meritorious defense to the suit, the setting aside of the judgment would be a vain act and a trespass on the time of the court. If, on the other hand, a defendant has not been negligent in suffering a default judgment to be rendered against him by a court which had jurisdictional power to render it, or in permitting it to become final, and if he has a meritorious defense to the suit, he may still have the suit tried on its merits with the right to require the plaintiff to prove his case and the corresponding right to establish his defense. . . Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment.

345 S.W.2d at 710–11. Moreover, the latest expression of the Supreme Court on the subject emphasizes that the bill-of-review movant must negate fault or negligence. *Baker v. Goldsmith, supra,* at 407, 408, 409 and 410. Hence, we conclude that Mrs. Jarrett had the burden to negate any fault or negligence on her part.

Next, Mrs. Jarrett contends that the evidence conclusively established that she was not negligent. She points to the testimony that she was not versed in business; she was flown to Austin by Northcutt to confer with his lawyer, who they thought was representing both of them, in a midnight conference, and in less than twelve hours was called upon to sign a property settlement agreement she did not have time to read and of which she was not given a copy; after she continued to live with Northcutt, she was called upon to sign the waiver of process prior to the time the divorce was filed by the attorney she mistakenly thought was representing her; and she was incapacitated by serious injuries in an automobile accident and was out of the hospital only a few days when the divorce hearing

was held without any notice to her. Meanwhile, she was being represented in her personal injury case by the same attorney, who subsequently represented Northcutt in the child custody case she brought, and it was not until then that she realized "she had probably been bilked in the property settlement agreement."

Mrs. Jarrett then invokes the jury's findings that she placed trust and confidence in the attorney; she relied upon that trust and confidence; her reliance was reasonable; and the trust and confidence, and her reliance thereon, resulted in undue advantage being taken of her so as to prevent her making her rightful claims in the prior proceedings. She submits that her relationship of trust and confidence with the attorney, who represented Northcutt in the property settlement agreement, lessened and probably eliminated, under a line of fraud cases exemplified by *Courseview, Incorporated v. Phillips Petroleum Co.*, 158 Tex. 397, 312 S.W.2d 197 (1957), any duty to pursue her rights and remedies. Coupling her reliance on the relationship of trust and confidence with the testimony, Mrs. Jarrett argues that she was under no duty to use any means to pursue her rights and remedies until she was put upon inquiry by matters arising out of the child custody proceeding in April of 1973.

Inherent in Mrs. Jarrett's argument incorporating legal principles set forth in *Courseview* is her tacit adoption of certain jury findings of wrongful acts on the part of Northcutt, acting alone or with others. Aside from the fact that the jury further found that none of these acts prevented Mrs. Jarrett from presenting her rightful claims in the prior proceedings, the *Courseview* opinion explicitly stated that each case must rest on its own facts. Explanatorily, the Court said:

[T]he existence of a relation of trust and confidence does not change the rule that diligence in discovering the fraud is required but does affect the application of the rule. . . . The fiduciary relationship is therefore one of the circumstances to be considered in determining whether fraud might have been discovered by the exercise of reasonable diligence. It may excuse the defrauded party from taking action that would be required in an arm's-length transaction or from making as prompt or searching investigation as might otherwise be expected. In some situations there is no legal duty to use means available for discovering the fraud . . . .. We are not prepared to say, however, that one in a relationship of trust and confidence is always justified as a matter of law in neglecting every precaution until something occurs to arouse his suspicions.

312 S.W.2d at 205. Necessarily, then, the record in this cause must be reviewed to determine if there is conclusively established a lack of fault or negligence on the part of Mrs. Jarrett.

The parties were married for sixteen years. Mrs. Jarrett signed income tax returns, knowing they had to pay a lot of money. She knew their estate was large enough to require some special provisions insofar as a last will and testament was concerned. About a week after Mrs. Jarrett told Northcutt she loved the man she later married, they made the trip to Austin to see the attorney. Prior to the trip, they initialed each of the four pages prepared as a listing of their property from which the property settlement was prepared. The attorney testified that Mrs. Jarrett read the agreement before she signed it. The agreement contains the following language:

Second Party [Mary Lou Northcutt] has no attorney, but represents and warrants to said attorney [retained by Northcutt] that she has voluntarily and of her own volition without duress, threats or undue influence entered into the property settlement agreement with First Party [Pat L. Northcutt] prior to coming into such attorney's office; and she further warrants and represents it to be a fact that she has had explained to her that she has a legal right to hire an attorney of her own choice and to confer and consult with such personal attorney of her own choice outside the presence and hearing of the First Party or his attorney to discuss this

property settlement agreement, or any portion thereof, prior to signing the same; and Second Party further warrants and represents that she fully understands the contents of this property settlement agreement as having been made with First Party prior in time to any discussion with First Party's attorney, and she further warrants and represents it to be a fact that she understands that First Party's attorney is relying on such representations and warranties herein made by Second Party pertaining to her having made the agreements hereinafter set forth of her own free will and volition without fear of threats, duress, undue influence, or fraud  .  .  . .

Mrs. Jarrett acknowledged that she was told she could see another attorney and, admittedly, she knew she "was signing away everything," when she executed the property settlement agreement. The executed agreement carries her acknowledgment before a notary public. She was informed of the divorce the day the prior judgment was rendered, and she replied, "Good."

The foregoing summarized statements of evidence from the record manifests that inconsistent and conflicting testimony, coming in the main from interested parties, merely created fact issues whether Mrs. Jarrett was without fault or negligence in the rendition of the prior judgment or in permitting it to become final. So, we are precluded from saying that Mrs. Jarrett established as a matter of law her freedom from fault or negligence.

There remains Mrs. Jarrett's contention that, if the evidence does not conclusively establish her freedom from fault or negligence, a finding by the court on that issue could be deemed in support of the bill-of-review judgment. Because the pleading and proving of freedom from fault or negligence is, as previously noted, a necessary element of a bill of review, and Mrs. Jarrett neither requested the issue's submission in substantially correct wording or even objected to its omission, a finding would be deemed only if Northcutt failed to properly object to the omission of the issue. Otherwise, if Northcutt made a valid objection, Mrs. Jarrett waived a finding on the issue. *Dittberner v. Bell*, 558 S.W.2d 527, 534 (Tex. Civ.App.—Amarillo 1977, writ ref'd n. r. e.).

Acknowledging that Northcutt leveled objections to the court's charge, Mrs. Jarrett asserts that his objections were so obscured or concealed by voluminous unfounded objections and minute differentiations as to be in derogation of Tex.R.Civ.P. 274. The rule does require that "[a] party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection." Objections too general and too profuse to meet the rule requirement are insufficient. *Monsanto Company v. Milam*, 494 S.W.2d 534, 536–37 (Tex. 1973).

While Northcutt's objections were profuse, he did object to the charge "for the reason that it does not cover the simple questions of law required to be covered in a bill of review case  .  .  . and, three, whether she was without fault or negligence." The purpose of the rule's distinctness requirement is to afford the trial court an opportunity to correct any errors in the charge so that the case may be properly submitted. *Missouri Pacific Railroad Company v. Kimbrell*, 160 Tex. 542, 334 S.W.2d 283, 285 (1960). Northcutt's objection met the requirement of the rule, and precludes a deemed finding by the court under the conflicting evidence bearing on negligence.

Because Mrs. Jarrett waived a finding on her lack of fault or negligence, one of the controlling issues upon which she relied for recovery under her bill of review, she has not met the burden placed on her by the law. In reaching this conclusion, we have considered all of the facets of the points of error and reply points contained in the briefs of the parties.

The judgment of the trial court is reversed, and judgment is here rendered that Mary Lou Northcutt Jarrett take nothing by her bill of review action. Tex.R.Civ.P. 434.

COUNTISS, J., not participating.