

IN THE
TENTH COURT OF APPEALS

_____

No. 10-23-00353-CV

VIVIAN SAVAGE,

                                                                            Appellant

 v.

MARVIN WEBSTER AND MARY WEBSTER,

                                                                            Appellees

_____

From the 82nd District Court
Falls County, Texas
Trial Court No. CV39802

_____

# O P I N I O N

_____

In this suit, originally resolved based on the doctrine of adverse possession, we delve into its tortured procedural history, noting the numerous legal land mines, and look aghast at the mess left behind. Vivian Savage attempts to appeal an order purporting to deny her motion to set aside judgment and for new trial in a trespass to try title suit brought by Marvin and Mary Webster seven years ago. While we ultimately dismiss this appeal for want of jurisdiction, we also clarify important missteps, identify

the remaining significant unresolved issue, and emphasize the necessity of accurate execution of the equitable bill of review proceeding.

## Background

### The Original Suit for Title by Adverse Possession—CV39802

On May 25, 2017, Marvin and Mary Webster, through their attorney, Denny Lessman, filed their original petition for trespass to try title, cause number CV39802. Stating "the real property has no living owner of record," they named four defendants, Alvin Estelle, Connie Mack, Sharon Walker, and Travis Estelle, and the unknown heirs of three individuals, Corinna Murriel, Art Estelle, and Vicy DeGrate. They claimed seven tracts of property in Falls County, totaling almost 124 acres, based on more than ten years of adverse possession.

Steve Sharp was appointed attorney ad litem for the unknown heirs, and he entered a general denial on their behalf. The record is devoid of any additional actions he may have taken on their behalf. The unknown heirs were never identified. They were served by publication.

None of the named defendants or unknown heirs answered. On September 26, 2017, the trial court, Judge Robert Stem, rendered judgment that Marvin and Mary Webster own the real property and all improvements on it in fee simple.

**The Pool Bill of Review Proceeding—CV39802A**

On June 30, 2020, Victor and Melissa Pool, acting pro se, filed a petition for bill of review in cause number CV39802 alleging defective service of process in the original cause, depriving them of due process. In his affidavit, Victor Pool stated that Art Estelle died in 1944, leaving his estate to Pearl Estelle, Pool's great-grandmother. He stated that the citation did not address the correct party, there was no signature on the return, and citation by publication ran for just one day.

The Websters moved to dismiss the bill of review proceeding because it was not filed as a separate suit and because the Pools did not allege a basis for their standing to bring the suit. By order of October 29, 2020, the trial court, Judge Bryan Russ[1], severed the bill of review into a separate cause number, CV39802A.

The Pools filed an amended petition under the new cause number, CV39802A. The record includes an affidavit of Vivian Savage, dated September 21, 2020, in which she states that her father died in 1991 and from then on, her brother Ocie Estelle controlled the interests in the Vicy DeGrate, Corinna Murriel, and Mrs. Art Estelle estates. Her brother passed in 2016, and the controlling interests in the estates passed to her. She then conveyed her interest to her son, Victor Pool. Vicy DeGrate is her great-great grandmother, and Art and Pearl Estelle are her grandparents.

---

[1] The Honorable Robert Stem presided over the original trespass to try title case. After his retirement, the Honorable Bryan Russ was elected to the 82nd District Court.

On December 8, 2020, Judge Russ rendered an order dismissing Melissa Pool for lack of standing. On December 16, 2020, Judge Russ dismissed Victor Pool's bill of review with prejudice for lack of standing.

**The Savage Bill of Review Proceeding—CV40985[2]**

On January 4, 2021, Savage, acting pro se, filed her petition for bill of review which was assigned cause number CV40985. She asserted that service of process in the original trespass to try title suit, cause number CV39802, was defective and asked the court to set aside the judgment in that case. The petition also includes paragraphs addressing fraud in a real estate transaction, conspiracy to commit fraud, and breach of fiduciary duties which could be construed as counterclaims to the Websters' claims of title. Savage claimed, in part, that the Websters had already sold part of the property, two tracts, as evidenced by an agreement dated September 11, 2017, fifteen days before the trial court's September 26, 2017 judgment awarding title to the Websters.

On October 12, 2021, Judge Russ signed an order granting Savage's bill of review. In her first Amended Original Petition for Bill of Review, filed October 26, 2021, Savage includes a paragraph entitled "Fraud, Official Mistake, Lack of Negligence." In that paragraph, she references requirements for pleadings applicable in some bill of review

---

[2] We have taken judicial notice of the record in *Savage v. Webster*, No. 10-22-00176-CV, 2022 Tex. App. LEXIS 6716 (Tex. App.—Waco Aug. 31, 2022, no pet.) (mem. op., not designated for publication). *See In re Chaumette*, 456 S.W.3d 299, 303 n.2 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties.).

proceedings. Those requirements were not applicable here and cannot be interpreted as claims. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (A bill of review plaintiff must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. But plaintiffs alleging that they were not properly served are excused from proving the first two elements. They only need prove the third, which proof of non-service will conclusively establish.).

On November 17, 2021, the Websters filed their motion for no evidence summary judgment claiming Savage lacks standing and addressing Savage's "claims" for fraud, mistake and lack of negligence. Although the references to fraud, mistake and lack of negligence were not claims, the Websters argued there is no evidence supporting these "claims" and asked the court to "grant Defendants (sic) Motion for No Evidence Summary Judgment and dismiss Plaintiff's claims against Defendants." Judge Russ obliged, granting the motion on December 14, 2021 and dismissing "Plaintiff's claims of Fraud, Official Mistake and Lack of Negligence."

On January 12, 2022, through newly hired attorney Stephen Howen, Savage filed a motion for new trial in CV40985. She asked the court to affirm its order granting her bill of review, vacate the judgment in CV39802, and set for trial the Websters' petition for trespass to try title. She argued that the no-evidence summary judgment motion failed

to dispose of the case because it did not prove the Websters' claim as a matter of law. The Websters responded to the motion, saying Savage offered no new arguments or law. They completely ignored the arguments contained in the motion.

On February 23, 2022, Judge Russ denied the motion for new trial. In a letter to the parties of the same date, Judge Russ explained that after he granted the bill of review, "the parties proceeded to litigate the substantive merits of the pending litigation" including Savage's counterclaims for various alleged torts. He went on to address whether the underlying causes of action should be litigated under the bill of review cause number or the trespass to try title cause number. He stated that the better practice is to proceed with the substantive litigation under the original cause number. However, in his opinion, in light of the facts that the parties, causes of action and substantive issues are the same, failure to proceed under the original substantive case number created no error.

Savage appealed the judgment in CV40985. However, Savage failed to file a brief and, after notice, this Court dismissed the appeal for want of prosecution. *See Savage*, 2022 Tex. App. LEXIS 6716.

**The Original Suit for Title by Adverse Possession—CV39802**
**Post Bill of Review**

Pleadings

On May 17, 2023, Vivian Savage filed her plea in intervention in cause number CV39802. She stated she is a descendant of the record title owners of the property at issue

and has an interest in those properties. She alleged that she was not personally served and service by publication was defective. Based on her previously granted bill of review, she intervened, appeared as a defendant, and pleaded not guilty. Savage moved to set aside the September 26, 2017 judgment on the basis that the trial court granted her bill of review, and she requested a jury trial to address the Websters' claims in their original suit for title.

<u>Hearing</u>

A hearing was held September 14, 2023, and Judge Russ heard argument on Savage's motion. Reviewing the case's history, he stated that he had granted Savage's bill of review based on defective service, granted the Websters' motion for no evidence summary judgment on December 14, 2021, and denied Savage's motion for new trial in the bill of review proceeding on February 23, 2022. The judge suggested it is too late for a new trial motion. Savage's counsel, Howen, stated that the judgment in CV39802 was automatically set aside when the bill of review was granted. Agreeing, Judge Russ stated that the moment he granted the bill of review that action negated the judgment as a matter of law. At that juncture, the case began all over again. He stated that granting the Websters' motion for summary judgment finalized the bill of review case.

Judge Russ asked about the appeal that was filed in the bill of review case. Howen said they did file an appeal, but they realized they need to appeal the original case, not the bill of review case. He explained that his basis for attacking the judgment in CV39802

is the fact the judge granted the bill of review. He argued there is no judgment in CV39802, and it needs to be litigated. Judge Russ stated that, by granting the Websters' motion for no evidence summary judgment in the bill of review case, he disposed of Savage's claims. He clarified, "because she couldn't prove title." Judge Russ and Brian Howell, the Websters' attorney, agreed that the summary judgment created a judgment in the bill of review case. Judge Russ said he thought he had resolved the claim on the title to the land by granting the motion for summary judgment. He believes that was a final, appealable judgment in the bill of review case. Judge Russ denied Savage's motion to vacate and motion for new trial. Savage now appeals from that ruling.

## Where Things Stand

In her sole issue, Savage asserts the trial court erred by not adjudicating the merits of the trespass to try title suit. She argues that the trial court's refusal to reopen the trespass to try title suit renders the granting of the bill of review meaningless.

### Savage's Bill of Review Proceeding

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell*, 154 S.W.3d at 96. A petition for bill of review must be filed under a different cause number than the case whose judgment the bill of review complainant is attacking. *Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 679 (Tex. App.--El Paso 2011, no pet.). When the plaintiff in a bill of review establishes that he was not served with process,

constitutional due process eliminates the need to make any additional showing. *Caldwell*, 154 S.W.3d at 97. In such case, the complained-of judgment is void and must be vacated. *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012)("A complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time.").

It follows there must be a new trial on the merits. *See Alaimo v. U.S. Bank Trust Nat'l Ass'n*, 551 S.W.3d 212, 216 (Tex. App.—Fort Worth 2017, no pet.). When the bill of review is granted, the parties are present and ready to proceed to trial anew of the case made by the pleadings in the original cause. *Harris v. Logue*, 544 S.W.2d 932, 935 (Tex. Civ. App.—Fort Worth 1976, writ ref'd n.r.e.). The bill of review defendants, whose plaintiff's judgment in the prior case was set aside, are then obliged to go forward to try anew the case in which they were the plaintiffs, to introduce evidence under their pleadings, and have the same submitted. *Id*. Thus, the subsequent trial on the merits of the issues first raised in the prior case should occur under the bill of review cause number and the trial court should render the final judgment in the bill of review cause number. *See Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979); *Alaimo*, 551 S.W.3d at 215-16. If the order in the bill of review proceeding fails to dispose of the merits of the underlying controversy, it is not a final judgment. *Alaimo*, 551 S.W.3d at 217.

The trial court granted Savage's bill of review, and as a result, the September 26, 2017 judgment awarding title to the land at issue to the Websters was set aside. The

burden was then on the Websters to prove title in the bill of review proceeding. *See Harris*, 544 S.W.2d at 935. Their motion for no evidence summary judgment attempted to address perceived claims by Savage. Not only did the motion not address title, but, because the burden was on the Websters, it was not the appropriate vehicle at this juncture. *See* TEX. R. CIV. P. 166a(i) (A party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of the other party's claims or defenses.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.021-.034 (limitations of real property actions); *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990) (op. on reh'g) (One seeking to establish title to land by virtue of the statute of limitations has the burden of proving every fact essential to that claim.). The Websters made no attempt to prove the merits of their underlying lawsuit. Contrary to what Judge Russ believed, title was not retried in the bill of review proceeding.

**Savage's Motion to Set Aside Judgment and for New Trial**

A trial court may change its final judgment while it retains plenary jurisdiction. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Absent a timely post-judgment motion extending the trial court's plenary power, the trial court retains jurisdiction over a case for thirty days after the final judgment is signed. *See* TEX. R. CIV. P. 329b(d). If an appropriate post-judgment motion is filed within that time, then the trial court's plenary power is extended for thirty days after the motion is overruled by a signed order or by operation of law. *See id*. R. 329b(e). A bill of review proceeding

does not restore a court's plenary power over a cause of action that has been resolved by final judgment. *Alaimo*, 551 S.W.3d at 217.

Here, Savage's motion to set aside judgment and for new trial was filed long after the trial court lost plenary jurisdiction over CV39802 in which the final judgment was rendered in 2017. Judicial action taken after the court's jurisdiction over a cause has expired is a nullity. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). An appellate court has no jurisdiction to review the merits of a void judgment. *See Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Because the trial court signed the order on Savage's motion to set aside judgment and for new trial after it lost plenary power, it is void, and we cannot review the merits of Savage's complaint regarding that order. *See Owens*, 907 S.W.2d at 486. We declare the order appealed from void and dismiss this appeal. *Id*.

## Conclusion

Because the trial court lacked plenary power to render a ruling on Savage's motion to set aside the judgment and for new trial, we declare the trial court's September 14, 2023 order void. We dismiss this appeal. However, because Judge Russ granted Savage's bill of review, the September 26, 2017 judgment in the Websters' suit for trespass to try title has been invalid since October 12, 2021. Our resolution of this appeal should not be construed as a final determination of the merits of the Websters' suit for trespass to try title, which still must be decided in the bill of review cause.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray concurring)
Appeal dismissed
Opinion delivered and filed October 24, 2024
[CV06]

